Jerry Dean MAYFIELD, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–06–00096–CR.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 24, 2007.

Decided March 22, 2007.

Mary Ann Rea, Longview, for appellant.

W. Ty Wilson, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

When Longview police officer Lanie Smith saw Jerry Dean Mayfield turn his vehicle without signaling, Smith turned on his overhead lights and pulled in behind the car to effect a traffic stop. But Mayfield did not stop the car. Instead, Mayfield continued to drive slowly. During this low-speed pursuit, a female passenger jumped out of Mayfield's vehicle during a rolling stop, and Mayfield continued to drive in an apparently random fashion. Mayfield finally returned to the street where his passenger had jumped out, stopped the car, and attempted to run away. Mayfield was caught after a short chase on foot.

Mayfield's resulting conviction for evading arrest with a vehicle was followed by an enhancement of Mayfield's sentence, and the jury assessed his punishment at twenty years' imprisonment and a $10,000.00 fine.[1] On appeal, Mayfield complains that the State did not give him adequate notice of its intent to use prior convictions for enhancement purposes and that the evidence was factually insufficient to show he intentionally fled from the officer. We affirm because (1) under the circumstances, Mayfield received adequate notice, and (2) factually sufficient evidence supports Mayfield's conviction.

*(1) Under the Circumstances, Mayfield Received Adequate Notice*

■ Mayfield's counsel contends that she first knew the specific convictions the State intended to use when a packet containing them was handed to her at voir dire and that the complete notice finally provided was simply too late to be effective. The indictment does not mention enhancements. The record indicates that counsel had been informed in April 2005 that the State intended to attempt to enhance Mayfield's sentence with his prior felony record unless he pled to an information. No further detail was provided Mayfield at that time. The State notes that it attempted to supplement that information by fax, the week before trial, but apparently the fax transmission was not completed because the State used the wrong number. The trial court concluded that the earlier notification was an adequate notice of enhancement and proceeded with voir dire.

■ A defendant is entitled to notice of prior convictions to be used for enhancement. *Brooks v. State,* 957 S.W.2d 30, 33 (Tex.Crim.App.1997). Alleging a sentence enhancement in the indictment is not the

---

1. The punishment for the offense was assessed based on enhancement by prior felony convictions to the level of a second-degree felony.

only reasonable method of conveying such notice. *Id.* at 32. The State need only plead the information somewhere. *Id.; see also Chimney v. State,* 6 S.W.3d 681, 696 (Tex.App.-Waco 1999, pet. ref'd).[2]

Though Mayfield states that he complains, not about the timeliness of notice, but instead about the sufficiency of the descriptions of the prior convictions, his effective complaint is that notice of the specific offenses to be used for enhancement purposes is not timely because it was not given until voir dire.

■ When a defendant has no defense to an enhancement allegation and makes no suggestion of the need for a continuance in order to prepare a defense, adequate notice, given even at the beginning of the punishment phase, satisfies the due-process requirements of the United States Constitution—as well as the Texas Constitution's "due course of law" requirements. *Villescas v. State,* 189 S.W.3d 290, 294 (Tex.Crim.App.2006); *see Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). Mayfield asserted no defense to the enhancement allegation—he pled true to the prior convictions once the trial court explained the result of his plea and questioned him about it. Nor did Mayfield suggest that a continuance was necessary to discover or prepare a defense. That procedural posture makes the difference here.

Of course, the State should practice providing timely, adequate pretrial notice of enhancements—the failure to do so in a more timely fashion may result in trials delayed or punishment hearings delayed while a defendant gathers necessary evidence to address enhancement allegations.

On these facts, however, constitutionally adequate notice was given by providing the specific information before the punishment phase—here, at voir dire. Because Mayfield did not seek a continuance and because he pled true to the enhancements, we find no error in proceeding with the trial.

We overrule this point of error.

*(2) Factually Sufficient Evidence Supports Mayfield's Conviction*

■ Mayfield next contends the evidence is factually insufficient to show that he intentionally fled from the officer. In a factual sufficiency review, we view all the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the jury's verdict is clearly wrong and manifestly unjust or whether the great weight and preponderance of the evidence is contrary to the verdict. *Watson v. State,* 204 S.W.3d 404, 417 (Tex.Crim.App.2006); *see also Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); *Clewis v. State,* 922 S.W.2d 126, 134 (Tex.Crim.App.1996).

■ Section 38.04 of the Texas Penal Code criminalizes the act of intentionally fleeing from a person the actor knows is a peace officer attempting lawfully to arrest or detain him or her. TEX. PENAL CODE ANN. § 38.04 (Vernon 2003). The crime is a misdemeanor unless the actor uses a vehicle, at which point it becomes a felony offense. There is evidence that Mayfield was driving, that the officer had cause to stop him for a traffic violation, that the officer was in a marked squad car with emergency lights flashing and siren sounding, and that Mayfield did not stop for an

**2.** If prior offenses are simply mentioned or noticed for no specified purpose, that fails to give the necessary notice they will be used for sentence enhancement. *Fairrow v. State,* 112 S.W.3d 288, 290–92 (Tex.App.-Dallas 2003,

no pet.) ("Notice of Extraneous Offenses" notified defendant of intent to introduce prior convictions into evidence at trial, but made no reference to sentence enhancement).

extended period of time. The statute does not require high-speed fleeing, or even effectual fleeing. It requires only an attempt to get away from a known officer of the law. Thus, under the law, fleeing slowly is still fleeing. There is factually sufficient evidence to support the verdict, and no evidence to the contrary.

We affirm the trial court's judgment.