# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-09-00066-CR

**William Duncan Sartain, II, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT
### NO. 5298, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant William Duncan Sartain guilty of evading arrest with a vehicle and assessed his punishment, enhanced by two previous felony convictions, at eleven years in prison and a $10,000 fine. Appellant contends that the evidence is legally and factually insufficient to sustain the guilty verdict. We overrule these contentions and affirm the conviction.

At 8:20 p.m. on December 5, 2007, Brady police officer Lupe Carrisales, Jr., was dispatched to the 500 block of West 16th Street where a vehicle was reported to have been parked in the middle of the street for "a while." Arriving at the location, Carrisales found a blue pickup truck parked in the middle of the street with its engine running and lights on. Two persons were in the truck; appellant was the driver. Carrisales testified that he stopped his patrol car behind the pickup and turned on his emergency lights. Appellant got out of the truck and walked back toward the officer. Carrisales testified that appellant "appeared disoriented." Appellant pointed to a nearby

house and told Carrisales that he lived there. Referring to a trailer that was parked at the curb beside his truck, appellant said that he was planning to pull the trailer to the house in order to paint it.

Carrisales asked appellant for his driver's license. The officer noticed that the license had a San Angelo address. Carrisales testified that when he asked appellant about this, "[H]e said, well, that's what it says." Having never seen appellant before, Carrisales decided to investigate whether appellant actually lived in Brady. He told appellant, who had gotten back in the truck, to exit the vehicle. Carrisales described what happened next:

> A. When I asked him to exit the vehicle, he ignored me and started taking off. As he was driving off, he closed the door. I hollered again at him to stop. At that point he still continued going down the block. I ran back to my patrol unit and went after him.
>
> Q. Okay. And what happened when you got back in your patrol unit?
>
> A. When I got back in my patrol unit, I took off after him. He had just made it down the rest of the block, and he made a right-hand turn. At that point I thought there was going to be a pursuit, so I turned in—made the right turn as well. As soon as he made the right turn, he stops his vehicle again in the roadway, and I see the lights come off and seen him exit the vehicle.
>
> Q. And what happened after that?
>
> A. After he exited the vehicle, I immediately jumped out of my vehicle and hollered at him, come back. He ignored me. I didn't make an eye contact. He said, no. I again told him, come back to me. He said, no. I live here. One more time I told him, sir, come back. And he kept on going.[1] At that point I ran after him and tackled him to the ground.

---

[1] Carrisales later testified that appellant appeared to be "staggering" as he walked away.

2

This low-speed chase lasted about seventeen seconds and was recorded by the video unit in Carrisales's police vehicle. The video was introduced in evidence and shown to the jury. The house in question was not owned by appellant, but there is a suggestion in the record that he was living there.

Appellant did not testify. The only defense witness, a convenience store cashier, testified that appellant purchased beer at the store sometime between 7:00 p.m. and 8:00 p.m. on the night in question. According to the witness, appellant did not appear to be disoriented and was not staggering.

A person is guilty of evading arrest or detention if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him. Tex. Penal Code Ann. § 38.04(a) (West Supp. 2009). Ordinarily a class A misdemeanor, the offense is a state jail felony if the actor uses a vehicle while in flight. *Id*. § 38.04(b)(1)(B).

Carrisales testified that appellant's truck was stopped in West 16th Street more than eighteen inches from the curb, a traffic offense. *See* Tex. Transp. Code Ann. § 545.303(a) (West Supp. 2009). This, plus appellant's apparent disorientation and the confusion regarding his address gave the officer a lawful basis to detain him, a fact that appellant does not deny. There is also no question that appellant knew that Carrisales was a police officer. Appellant argues, however, that there is no evidence that he fled from the officer.

The penal code does not define "flees" as it is used in section 38.04. In common usage, it means "to run away." Webster's Third New International Dictionary 868 (2002). Appellant argues that successful prosecutions under the statute have involved high speeds, evasive maneuvers,

3

extended pursuits, or some combination thereof. *See Mayfield v. State*, 219 S.W.3d 538, 539-41 (Tex. App.—Texarkana 2007, no pet.) (after officer turned on emergency lights, defendant continued to drive slowly and randomly for "extended period of time" before stopping and running away on foot); *Hobyl v. State*, 152 S.W.3d 624, 625-26 (Tex. App.—Houston [1st Dist.] 2004), *pet. dism'd*, 193 S.W.3d 903, 904 (Tex. Crim. App. 2006) (three-mile pursuit at speeds up to 110 miles per hour); *Rogers v. State*, 832 S.W.2d 442, 443 (Tex. App.—Austin 1992, no pet.) (three-mile pursuit at 95 miles per hour); *Goodson v. State*, No. 06-05-00107-CR, 2006 Tex. App. LEXIS 5930, at *14-15 (Tex. App.—Texarkana Feb. 21, 2006, no pet.) (mem, op., not designated for publication) (defendant drove slowly for two miles, past places he could have safely stopped, before responding to officer). In this case, appellant slowly drove his truck around the corner and stopped, a maneuver that lasted a mere seventeen seconds. He urges that a jury could not rationally conclude that this constituted intentional flight from the officer.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton*, 235 S.W.3d at 778.

In *Mayfield*, the court commented that section 38.04 "does not require high-speed fleeing, or even effectual fleeing. It requires only an attempt to get away from a known officer of the law. Thus, under the law, fleeing slowly is still fleeing." 219 S.W.3d at 541. In the case before us, appellant plainly knew that a police officer was attempting to detain him. He nevertheless returned to his truck and, disregarding the officer's command to stop, drove away, albeit only a short distance. He then got out of his truck and, continuing to disregard the officer's commands, began to walk away. Viewing this evidence in the light most favorable to the verdict, a rational trier of fact could find beyond a reasonable doubt that appellant intentionally attempted to get away from a police officer who he knew was attempting to lawfully detain him, and that appellant used a vehicle while in this flight. Point of error one is overruled.

In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). The evidence will be deemed factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11.

It can be argued that if appellant had intended to flee from Carrisales, he would have done so more effectively than he did. It is also possible to infer an innocent purpose for appellant's conduct that night. Perhaps he merely wanted to park his truck in a safer location. On the other hand, appellant gave no indication that this was his intention, and he continued to ignore the officer

and walk away from him even after stopping at the house where he was living. However ineffectual appellant's brief "flight" may have been, the evidence that he intentionally sought to get away from the officer using his truck is not so weak as to make the finding of guilt clearly wrong, and the jury's verdict is not against the great weight and preponderance of the available evidence. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: May 19, 2010

Do Not Publish