NUMBER 13-09-00194-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SHARON LOU KING, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 148th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Benavides, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant Sharon Lou King appeals from her conviction for the felony offense of
evading arrest or detention using a vehicle. See Tex. Penal Code Ann. § 38.04(a),
(b)(1)(B) (Vernon Supp. 2009). The trial court found appellant guilty of the offense and,
after receiving further evidence, sentenced her to two years in a state jail facility. The trial
court suspended the sentence and placed appellant on community supervision for three
years. By one issue, appellant contends that the evidence is legally insufficient to support
her conviction. We affirm.

I. Standards of Review and Applicable Law

 In reviewing the legal sufficiency of the evidence, an appellate court examines the
evidence in the light most favorable to the State to determine whether a rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt.
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007). In a legal sufficiency review, it is assumed that the trier of fact resolved
conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a
manner that supports the verdict. Clayton, 235 S.W.3d at 778.

 The sufficiency of the evidence should be measured against the statutory elements
of the offense as modified by the charging instrument. See Coleman v. State, 131 S.W.3d
303, 313-14 (Tex. App.-Corpus Christi 2004, pet. ref'd) (Castillo, J., concurring). The
elements of the offense of evading arrest or detention by using a vehicle are: (1) a person
(2) intentionally (3) flees (4) from a person (5) she knows is a peace officer (6) attempting
to lawfully arrest or detain her and (6) the actor uses a vehicle while in flight. See Carlton
v. State, 176 S.W.3d 231, 234 (Tex. Crim. App. 2005) (en banc); see also Tex. Penal
Code Ann. § 38.04(a), (b)(1)(B).

II. Sufficiency Analysis

 By her sole issue, appellant argues that the evidence is not legally sufficient to show
that she was "fleeing." See Tex. Penal Code Ann. § 38.04(a). Appellant asserts that she
was just moving her vehicle to a safer location. Appellant notes that she did not speed off
and did not drive far before pulling her vehicle into a parking lot. However, "[t]he statute
does not require high-speed fleeing, or even effectual fleeing. It requires only an attempt
to get away from a known officer of the law." Mayfield v. State, 219 S.W.3d 538, 541 (Tex.
App.-Texarkana 2007, no pet.). Indeed,"'fleeing' is anything less than prompt compliance
with an officer's direction to stop." Horne v. State, 228 S.W.3d 442, 446 (Tex.
App.-Texarkana 2007, no pet.); see also Sartain v. State, No. 03-09-00066-CR, 2010 Tex.
App. LEXIS 3877, at *5-8 (Tex. App.-Austin May 19, 2010, no pet.) (memo. op., not
designated for publication) (concluding that Sartain intended to flee when he moved his
truck half a block to a house where he was allegedly living and when he continued to
ignore the officer, walking away from him even after stopping at the house); Small v. State,
No. 05-02-1328-CR, 2003 Tex. App. LEXIS 7898, at *3-6 (Tex. App.-Dallas Sept. 10,
2003, no pet.) (not designated for publication) (determining the evidence established that
Small was evading police when he drove two to three miles after the lights and sirens of
several police cars were activated as they pursued his car, even though Small argued that
he was only driving his vehicle home so it would not be towed).

 In this case, Port Aransas patrolman Derral Harvill testified that he was on patrol
when he observed a vehicle hit a curb and leave "the roadway a couple of times." This
vehicle fit the description of one reportedly being driven by an intoxicated driver. When
Officer Harvill turned on the lights and siren of his marked patrol car, the driver, later
identified as appellant, pulled her vehicle over, blocking the driveway to a residence. 
Officer Harvill stopped his patrol car behind the vehicle. With his patrol car lights flashing,
Officer Harvill approached appellant. Officer Harvill identified himself as a police officer
and asked to see appellant's proof of insurance and her driver's license. After appellant
gave Officer Harvill her driver's license, he walked toward his patrol car so that he could
radio in appellant's identification. Officer Harvill testified that he did not tell appellant she
was free to leave at that time. Rather, before walking to his patrol car Officer Harvill told
appellant, "I'll be right back." Nonetheless, appellant then drove from the residential
driveway "into the parking lot of a hotel," a couple hundred yards away. After
unsuccessfully attempting to stop appellant from driving away by placing himself in front
of her vehicle, Officer Harvill returned to his patrol car, pursued appellant, activating his
siren as he did so, and again pulled in behind her vehicle. When Officer Harvill asked
appellant to step out of her vehicle, she refused to turn off her vehicle. A heated
discussion followed, and Officer Harvill forcibly removed appellant from her vehicle. (1)

 Our review of the record reveals that the trial court, after hearing the testimony of
Officer Harvill, reasoned as follows: "What I can see and what is undisputed to me is that
[Officer Harvill] says, 'I'll be right back,' or words to that effect when he goes to check her
license, and she takes off. . . . I don't know what you want to call that. I call that fleeing." 
We agree.

 The evidence supports the trial court's determination that appellant knew Officer
Harvill was attempting to detain her. He had requested her license, had taken her license
with him when he moved away from her vehicle toward his patrol car, and had told
appellant he would be right back. Disregarding the officer's comment and his subsequent
attempt to block her departure, appellant drove away, albeit only a short distance. She
then argued with the officer and refused to turn off her vehicle's engine. Appellant did not
promptly comply with the "officer's direction to stop." Horne, 228 S.W.3d at 446. 
Therefore, assuming the trial court resolved any conflict in the testimony, weighed the
evidence, and drew reasonable inferences in a manner supporting the verdict, and
examining the evidence in the light most favorable to the verdict, we conclude that a
rational trier of fact could find beyond a reasonable doubt that appellant was fleeing. See
Jackson, 443 U.S. at 319; Clayton, 235 S.W.3d at 778. The evidence was, thus, legally
sufficient to support appellant's conviction. We overrule appellant's sole issue.

III. Conclusion

 We affirm the judgment of the trial court.


 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the

8th day of July, 2010.

1. Throughout Officer Harvill's testimony, references are made to State's Exhibit 2, a DVD of the video
of the stop in question. Exhibit 2, however, does not appear in the appellate record.