

**NUMBER 13-09-00194-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**SHARON LOU KING,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 148th District Court
of Nueces County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant Sharon Lou King appeals from her conviction for the felony offense of evading arrest or detention using a vehicle. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (Vernon Supp. 2009). The trial court found appellant guilty of the offense and, after receiving further evidence, sentenced her to two years in a state jail facility. The trial

court suspended the sentence and placed appellant on community supervision for three years. By one issue, appellant contends that the evidence is legally insufficient to support her conviction. We affirm.

## I. STANDARDS OF REVIEW AND APPLICABLE LAW

In reviewing the legal sufficiency of the evidence, an appellate court examines the evidence in the light most favorable to the State to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In a legal sufficiency review, it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton*, 235 S.W.3d at 778.

The sufficiency of the evidence should be measured against the statutory elements of the offense as modified by the charging instrument. *See Coleman v. State*, 131 S.W.3d 303, 313-14 (Tex. App.–Corpus Christi 2004, pet. ref'd) (Castillo, J., concurring). The elements of the offense of evading arrest or detention by using a vehicle are: (1) a person (2) intentionally (3) flees (4) from a person (5) she knows is a peace officer (6) attempting to lawfully arrest or detain her and (6) the actor uses a vehicle while in flight. *See Carlton v. State*, 176 S.W.3d 231, 234 (Tex. Crim. App. 2005) (en banc); *see also* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B).

## II. SUFFICIENCY ANALYSIS

By her sole issue, appellant argues that the evidence is not legally sufficient to show that she was "fleeing." *See* TEX. PENAL CODE ANN. § 38.04(a). Appellant asserts that she

2

was just moving her vehicle to a safer location. Appellant notes that she did not speed off and did not drive far before pulling her vehicle into a parking lot. However, "[t]he statute does not require high-speed fleeing, or even effectual fleeing. It requires only an attempt to get away from a known officer of the law." *Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App.–Texarkana 2007, no pet.). Indeed,"'fleeing' is anything less than prompt compliance with an officer's direction to stop." *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.–Texarkana 2007, no pet.); *see also Sartain v. State*, No. 03-09-00066-CR, 2010 Tex. App. LEXIS 3877, at *5-8 (Tex. App.–Austin May 19, 2010, no pet.) (memo. op., not designated for publication) (concluding that Sartain intended to flee when he moved his truck half a block to a house where he was allegedly living and when he continued to ignore the officer, walking away from him even after stopping at the house); *Small v. State*, No. 05-02-1328-CR, 2003 Tex. App. LEXIS 7898, at *3-6 (Tex. App.–Dallas Sept. 10, 2003, no pet.) (not designated for publication) (determining the evidence established that Small was evading police when he drove two to three miles after the lights and sirens of several police cars were activated as they pursued his car, even though Small argued that he was only driving his vehicle home so it would not be towed).

In this case, Port Aransas patrolman Derral Harvill testified that he was on patrol when he observed a vehicle hit a curb and leave "the roadway a couple of times." This vehicle fit the description of one reportedly being driven by an intoxicated driver. When Officer Harvill turned on the lights and siren of his marked patrol car, the driver, later identified as appellant, pulled her vehicle over, blocking the driveway to a residence. Officer Harvill stopped his patrol car behind the vehicle. With his patrol car lights flashing, Officer Harvill approached appellant. Officer Harvill identified himself as a police officer

3

and asked to see appellant's proof of insurance and her driver's license. After appellant gave Officer Harvill her driver's license, he walked toward his patrol car so that he could radio in appellant's identification. Officer Harvill testified that he did not tell appellant she was free to leave at that time. Rather, before walking to his patrol car Officer Harvill told appellant, "I'll be right back." Nonetheless, appellant then drove from the residential driveway "into the parking lot of a hotel," a couple hundred yards away. After unsuccessfully attempting to stop appellant from driving away by placing himself in front of her vehicle, Officer Harvill returned to his patrol car, pursued appellant, activating his siren as he did so, and again pulled in behind her vehicle. When Officer Harvill asked appellant to step out of her vehicle, she refused to turn off her vehicle. A heated discussion followed, and Officer Harvill forcibly removed appellant from her vehicle.[1]

Our review of the record reveals that the trial court, after hearing the testimony of Officer Harvill, reasoned as follows: "What I can see and what is undisputed to me is that [Officer Harvill] says, 'I'll be right back,' or words to that effect when he goes to check her license, and she takes off. . . . I don't know what you want to call that. I call that fleeing." We agree.

The evidence supports the trial court's determination that appellant knew Officer Harvill was attempting to detain her. He had requested her license, had taken her license with him when he moved away from her vehicle toward his patrol car, and had told appellant he would be right back. Disregarding the officer's comment and his subsequent attempt to block her departure, appellant drove away, albeit only a short distance. She

---

[1]Throughout Officer Harvill's testimony, references are made to State's Exhibit 2, a DVD of the video of the stop in question. Exhibit 2, however, does not appear in the appellate record.

4

then argued with the officer and refused to turn off her vehicle's engine.  Appellant did not promptly comply with the "officer's direction to stop."  *Horne*, 228 S.W.3d at 446.  Therefore, assuming the trial court resolved any conflict in the testimony, weighed the evidence, and drew reasonable inferences in a manner supporting the verdict, and examining the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could find beyond a reasonable doubt that appellant was fleeing.  *See Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778.  The evidence was, thus, legally sufficient to support appellant's conviction.  We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of July, 2010.

5