

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00151-CR
_____

RANDI DENISE BRAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th Judicial District Court
Cass County, Texas
Trial Court No. 2009-F-00238

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Randi Denise Bray appeals her conviction for the state jail felony of evading arrest or detention in a motor vehicle[1] and sentence of two years in the state jail division of the Texas Department of Criminal Justice. The State alleged Bray committed the offense by driving around fifty-five to sixty miles per hour on a county road for approximately three-quarters of a mile after Texas Department of Public Safety Trooper Eric White activated his overhead lights. White did not use the vehicle's emergency siren.

Bray contends the evidence is legally insufficient to support her conviction because (1) White failed to activate his vehicle's emergency siren; and (2) the failure to yield to White for forty-seven seconds is insufficient to establish intent to evade detention. Because the evidence is legally sufficient to support Bray's conviction, we affirm the judgment of the trial court.

## I.     Standard of Review

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of evading detention with a motor vehicle beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Our rigorous legal sufficiency review

---

[1]TEX. PENAL CODE ANN. § 38.04(b)(1) (Vernon Supp. 2010).

focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

We are directed to subject challenges to the legal sufficiency of the evidence to the hypothetically correct jury charge analysis. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). In order to prove its case under Section 38.04 of the Texas Penal Code, the State was obligated to prove that (1) Bray (2) intentionally fled (3) from a person that she knew was a peace officer (4) who was attempting lawfully to arrest or detain her. In order to raise the offense from the level of a class A misdemeanor to a state jail felony, it was necessary in this case to prove that Bray employed a vehicle in her attempt to flee. Bray's argument is that the State did not sufficiently prove that Bray intentionally fled from the officer who was attempting to detain her. We believe that the State offered sufficient evidence of the required elements of the offense.

## II.     Legally Sufficient Evidence Supports the Verdict

Section 38.04 of the Texas Penal Code criminalizes the act of intentionally fleeing from a person the actor knows is a peace officer attempting to lawfully arrest or detain him or her. TEX. PENAL CODE ANN. § 38.04 (Vernon Supp. 2010). Bray initially claims, in reliance on Section 545.156 of the Texas Transportation Code, that the evidence is insufficient to establish evading

detention because White failed to activate his emergency sirens. Bray therefore contends she did not know White was attempting to detain her.[2] Bray further relies on Section 547.702 of the Texas Transportation Code[3] in support of her position that a police officer operating a police vehicle must use a siren or a siren and lights to require a driver of a vehicle to pull over. We do not find either of these sections of the Transportation Code relevant to the issue of the sufficiency of the evidence to prove the offense of evading detention with a vehicle.

The Texas Legislature codified two criminal statutes regarding flight from a peace officer—evading arrest or detention in a motor vehicle[4] and fleeing or attempting to elude a police

---

[2]Section 545.156 of the Transportation Code addresses the appropriate response of a vehicle to the approach of an authorized emergency vehicle using audible and visual signals. This section of the Transportation Code provides, in part:

> (a) On the immediate approach of an authorized emergency vehicle using audible and visual signals that meet the requirements of Sections 547.305 and 547.702, or of a police vehicle lawfully using only an audible signal, an operator, unless otherwise directed by a police officer, shall:
> > (1) yield the right-of-way;
> > (2) immediately drive to a position parallel to and as close as possible to the right-hand edge or curb of the roadway clear of any intersection; and
> > (3) stop and remain standing until the authorized emergency vehicle has passed.

TEX. TRANSP. CODE ANN. § 545.156 (Vernon 1999).

[3]This section of the Transportation Code provides, in part, that "[t]he operator of an authorized emergency vehicle shall use the siren, whistle, or bell when necessary to warn other vehicle operators or pedestrians of the approach of the emergency vehicle" and that a police vehicle "may, but is not required to, be equipped with signal lamps . . . ." TEX. TRANSP. CODE ANN. § 547.702 (Vernon 1999).

[4]TEX. PENAL CODE ANN. § 38.04(b)(1).

4

officer.[5] A person commits the offense of fleeing or attempting to elude a police officer if he or she "wilfully fails or refuses" to stop the vehicle or flees, "or attempts to elude, a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop." TEX. TRANSP. CODE ANN. § 545.421(a). The signal to stop may be "by hand, voice, emergency light, or siren." TEX. TRANSP. CODE ANN. § 545.421(b) (Vernon Supp. 2010). While the offense of fleeing or attempting to elude a police officer requires the defendant to be given a visual or audible signal to stop, the offense of evading arrest or detention, of which Bray was convicted, does not. *See Farrakhan v. State*, 263 S.W.3d 124, 138 (Tex. App.—Houston [1st Dist.] 2006), *aff'd*, 247 S.W.3d 720 (Tex. Crim. App. 2008) (while offense of fleeing or attempting to elude police officer requires defendant be signaled visually or audibly, offense of evading arrest or detention does not).[6] We, therefore, find that activation of the emergency siren on a police vehicle is not necessary to prove the offense of evading arrest or detention.

Bray next contends that if White's testimony is credible, Bray stopped her vehicle after a pursuit lasting approximately forty-seven seconds.[7] Bray maintains that even if she were

---

[5]TEX. TRANSP. CODE ANN. § 545.421(a) (Vernon Supp. 2010).

[6]This difference is understandable. Section 545.421 may apply in ordinary traffic control situations where the citizen may have no reason to expect to be stopped and the stop may be simply to reroute traffic; in that event, public safety requires that the officer should be clearly identified and should give a distinct signal. In proving the offense in Section 38.04 of the Texas Penal Code (evading arrest or detention), the State must prove the citizen knows the officer is attempting to lawfully arrest or detain him or her. If the State proves the defendant knows the peace officer is attempting to detain or arrest the person, no purpose is served in requiring additional signals from the officer.

[7]There is no testimony that White pursued Bray for forty-seven seconds. White estimated that he pursued Bray for approximately three-quarters of a mile during which time Bray was driving approximately fifty-five to sixty miles

cognizant of White's desire to detain her during the entire length of the pursuit, forty-seven seconds is insufficient to establish intent to evade. In determining whether a defendant intended to evade, the relevant inquiry is whether there was an attempt to flee or delay the detention. *Baines v. State*, No. 06-10-00069-CR, 2010 WL 4321599, at *5 (Tex. App.—Texarkana Nov. 3, 2010, pet. filed). While the length and speed of the chase are factors in considering whether there was an attempt to escape, they are not determinative by themselves. *Id.* As this Court noted in *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.), any delayed compliance can be considered an attempt to evade arrest or detention. "'[F]leeing' is anything less than prompt compliance with an officer's direction to stop." *Id.* Even if there is no intent to ultimately escape, intent to evade arrest or detention even for a short time is sufficient to support a conviction for evading arrest with a motor vehicle. *Id.*; *see also Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.) (observing that law does not require high-speed fleeing or even effectual fleeing; it requires an attempt to get away from a known officer of the law).

The evidence shows that on the night in question, White spotted Bray's vehicle traveling northbound in the southbound lane of Highway 59 in Atlanta, Texas. White took the shoulder of the road, while Bray's vehicle moved into the median and "sat there for a second." At that point, while White and Bray were facing one another, White activated his vehicle's overhead lights.

---

per hour. From those estimates, Bray's counsel extrapolates the rate of speed and distance travelled equates to a total of a forty-seven-second pursuit.

Even though Bray was able to see the flashing overhead lights from White's patrol car, she turned her vehicle in front of White onto a county road, where she traveled at a speed of fifty-five to sixty miles per hour while White followed.[8]   White testified that there were ample businesses off of Highway 59 where Bray could have pulled over, but she instead chose to drive down a county road.   After having travelled approximately three-quarters of a mile, Bray pulled into the Country Place Apartments, exited her vehicle, and was placed under arrest.   When White asked why she was running, Bray stated that she did not know.   After Bray was detained, White discovered a box of beer in the vehicle, although he could not recall if there were any empty or half-full cans in the vehicle.[9]

This evidence shows that Bray was aware of White's attempt to detain her; she looked at Bray as she moved her vehicle to the median and White activated his vehicle's overhead lights. Bray then turned in front of White and accelerated down a county road when there were lighted areas where she could have stopped.   Even if Bray had no intent to ultimately escape, the evidence is sufficient for a rational jury to conclude that Bray intended to evade arrest or detention, if only for a short time.   We hold that the evidence was legally sufficient to support the verdict.

## III.   Conclusion

We affirm the judgment of the trial court.

---

[8]The jury was shown the roadside video from White's patrol vehicle depicting these events.
[9]Bray was also charged with DWI, although that issue is not a part of Bray's appeal.

Jack Carter
Justice

Date Submitted:     March 21, 2011
Date Decided:       March 22, 2011

Do Not Publish