**Opinion filed September 25, 2014**



## In The

# Eleventh Court of Appeals

_____

## No. 11-11-00231-CR

_____

## JOHN POWELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Ector County, Texas**
**Trial Court Cause No. 10-4391**

## M E M O R A N D U M   O P I N I O N

The jury convicted John Powell[1] of the misdemeanor offense of evading arrest or detention and assessed his punishment at a $300 fine. *See* TEX. PENAL CODE ANN. § 38.04(a) (West Supp. 2014). The trial court sentenced him accordingly. In two issues, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

---

[1]We note that Appellant's name as reflected in the indictment is John Powell and that the judgment shows his name to be John Anderson Powell.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

The State charged Appellant by information with intentionally fleeing from Diana Flores, a person whom Appellant knew to be a peace officer and who was attempting to lawfully arrest or detain Appellant. Appellant specifically contends that the evidence was insufficient to show that he was fleeing from the officer because the evidence only showed that he walked quickly and that, even if there was sufficient evidence to show that he fled, there was insufficient evidence to show that he intentionally fled because the officer never informed him that he was being detained.

Officer Diana H. Flores of the Odessa Police Department testified that she went to Appellant's neighbor's house to respond to a criminal mischief call. Appellant's neighbor had reported that Appellant was stealing water from her. Officer Flores approached Appellant and asked him to identify himself. He refused to do so and began to walk away slowly, "not at a fast pace like he was running or anything." Appellant told Officer Flores that he did not have to identify himself and that she was criminally trespassing on his property. Officer Flores testified that Appellant's demeanor and body language was becoming aggressive and that, as a precaution, she told him, "[s]top, police, hands behind your back." Appellant did not comply with the order and started to "walk at a much faster, kind

2

of like running, not sprint run, but that's wh[en] he started to kind of walk at a faster pace to where he actually jumped, you know, this way and ran in the house." Officer Flores explained that, at the time Appellant walked away, he was being detained so that she could identify him for her report; he was under investigation for criminal mischief. She also explained that even walking away constitutes fleeing from an officer. She testified that, based on what she observed, she believed that Appellant's flight was intentional. Officer Flores said that she told Appellant that he was being detained.

On cross-examination, when asked whether she told Appellant that he was being detained for arrest, she responded, "No, ma'am." However, later, when she was again asked by defense counsel whether she told Appellant that he was being detained, she said that she told him but that she did not tell him that he was under arrest. She also testified that she did not use the word "detained."

A field supervisor for the City of Odessa, who was also at Appellant's neighbor's house investigating the possible theft of water, testified that he saw Appellant walk toward Appellant's house while Officer Flores was still yelling at him. He said that Appellant was getting an attitude with Officer Flores and that Officer Flores got in front of Appellant to try to stop him.

Appellant testified that Officer Flores never told him that he was a suspect, that she was investigating a case, that he was being detained, or that he was under arrest. He said that he did not have a conversation with Officer Flores and that, when she was talking with other people, he went inside his house. Appellant did not know why he was being accused of fleeing from Officer Flores.

Appellant argues that we should look at the plain meaning of the word "fleeing" because it has not been defined in the Texas Penal Code and that merely walking away from an officer cannot be equivalent to fleeing from an officer. *See* TEX. GOV'T CODE ANN. § 311.011(a) (West 2013) (common and technical usage of

3

words); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (explaining that courts should construe statutory text in accordance with its plain meaning unless that would lead to an absurd result that the legislature could not possibly have intended). The State contends that a person is fleeing if the person is walking away from an officer who is trying to arrest or detain the individual. We agree with the State's contention. "'[F]leeing' is anything less than prompt compliance with an officer's direction to stop." *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.). "The statute does not require high-speed fleeing, or even effectual fleeing. It requires only an attempt to get away from a known officer of the law. Thus, under the law, fleeing slowly is still fleeing." *Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.). Therefore, when a person walks toward his residence and fails to comply with an officer's order to stop, he is still fleeing. *Griego v. State*, 345 S.W.3d 742, 754 (Tex. App.—Amarillo 2011, no pet.).

Appellant also argues that, even if there was sufficient evidence to show that he was fleeing, there was insufficient evidence to show that he was intentionally fleeing because he did not know that he was being detained. "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." PENAL § 6.03(a) (West 2011). Appellant argues that his acts were not intended to avoid a lawful detention but were merely the conduct of a citizen who wished to end a voluntary encounter with law enforcement.

The evidence shows that Officer Flores told Appellant, "[s]top, police, hands behind your back," after Appellant had already refused and was continuing to refuse to comply with Officer Flores's request for him to identify himself. Although Appellant denied that he had a conversation with Officer Flores or that Officer Flores ever asked him to identify himself, the jury, as the trier of fact, was

4

the sole judge of the credibility of the witnesses and of the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007), art. 38.04 (West 1979). As such, the jury was entitled to accept or reject any or all of the testimony of any witness. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). In addition, the jury was entitled to draw reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319. Here, the jury could have inferred that Appellant intentionally fled from Officer Flores based on Officer Flores's testimony that Appellant continued to move toward his house at a quicker pace after she told him to stop. We have reviewed the evidence in the light most favorable to the verdict, and we hold that a rational trier of fact could have found beyond a reasonable doubt that Appellant intentionally fled from Officer Flores. We overrule Appellant's first and second issues.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


September 25, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.