# NO. 12-22-00189-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARVIN LEE GOINS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Marvin Lee Goins appeals from his conviction for evading arrest. In one issue, he challenges the legal sufficiency of the evidence to support his conviction. We affirm.

## BACKGROUND

On April 20, 2020, while Appellant was driving east on Interstate 20 through Smith County, Texas, an individual called 911 to report a reckless driver throwing cards from the window of a gray Nissan car that bore paper license plates. Deputy Ryan Edmonds of the Smith County Sheriff's Office responded to the call, and when he saw a vehicle matching the caller's description, he followed the vehicle. When Edmonds witnessed the driver, Appellant, throwing business cards from the window, he activated the red and blue lights and siren of his patrol car. Instead of stopping, Appellant exited the interstate and turned left through a red light onto Highway 69. He then initiated a left turn towards the entry ramp to Interstate 20 West, but instead of turning, he stopped his vehicle in the middle of the intersection. Edmonds proceeded to arrest Appellant. Appellant was subsequently charged by indictment with the offense of evading arrest with a vehicle.[1] Appellant pleaded "not guilty" to the offense, and this matter proceeded to a jury trial.

---

[1] TEX. PENAL CODE ANN. § 38.04 (West 2021).

At trial, Appellant testified that he knew Edmonds was behind him and wanted him to pull over, but he did not stop on the shoulder of Interstate 20 because he was concerned about safety (as his sister was previously killed by a drunk driver on the shoulder of Interstate 20). He saw a sign for a McDonald's at the upcoming exit and decided to stop there. He stated he was unfamiliar with the area, did not notice any parking lots on the right side of the road, and ran the red light because he believed the cross traffic would yield to Edmonds' patrol car. He further testified that he continued throwing his business cards out of the window while Edmonds was following him to let Edmonds know he intended to stop.

Edmonds testified that even after he activated the patrol car's emergency lights, turned on the siren, and used his air horn, Appellant did not activate his hazard lights or turn signal, or otherwise indicate any intent to stop. After Appellant exited the highway, he passed two gas stations and a hotel parking lot located on the right-hand side of the road but continued driving. Once Appellant stopped, Edmonds followed the "felony traffic stop" procedure by approaching Appellant's car with his gun drawn and demanding Appellant exit the vehicle and get on the ground. When Edmonds inventoried Appellant's vehicle, he found a small amount of marijuana and associated paraphernalia. From the traffic stop to when Edmonds took Appellant to jail, Appellant never mentioned his sister's death, his purpose in throwing the business cards, or that he was attempting to stop at the McDonald's.

The jury found Appellant "guilty" of evading arrest and assessed punishment of two years' imprisonment. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant argues that the evidence is legally insufficient to support the jury's verdict and the subsequent judgment.

### Standard of Review and Applicable Law

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L.Ed.2d 560 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). In Texas, the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*,

2

323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. 2781 at 2789. We defer to the trier of fact's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits the third-degree felony offense of evading arrest if, while using a vehicle, he intentionally flees from a person he knows is a peace officer lawfully attempting to arrest him. TEX. PENAL CODE ANN. § 38.04. A person acts intentionally with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct. *Id*. § 6.03 (West 2021). A jury may infer intent from the acts, conduct, and remarks of the accused, and from the surrounding circumstances. *Isassi v. State*, 330 S.W.3d 633, 643 (Tex. Crim. App. 2010). As long as the jury's finding of a culpable intent is supported by a reasonable inference, it is within the province of the factfinder to choose which inference is *most* reasonable. *Id.* Proof of a culpable mental state almost always relies upon circumstantial evidence. *Martin v. State*, 246 S.W.3d 246, 263 (Tex. App.—Houston [14th Dist.] 2007, no pet.). In determining whether evidence of intentional evasion exists, the factfinder may consider the speed, distance, and duration of pursuit. *Griego v. State*, 345 S.W.3d 742, 751 (Tex. App.—Amarillo 2011, no pet.). Anything less than prompt compliance with an officer's direction to stop may be considered an evasion of arrest. *Smith v. State*, 483 S.W.3d 648, 653 (Tex. Crim. App. 2007).

**Analysis**

Appellant argues that the evidence of his intent to evade arrest is legally insufficient. The evidence shows that Appellant was driving, Deputy Edmonds witnessed Appellant throwing cards from his vehicle, Edmonds was in a marked vehicle with emergency lights flashing and siren sounding, and Appellant did not stop for an extended period of time.[2] The statute does not

---

[2] Approximately two minutes and fifty seconds elapsed from the time Edmonds activated his red and blue lights to when Edmonds handcuffed Appellant.

3

require that the actor's flight be high-speed or successful, only that the actor makes an effort to get away from a known officer of the law. ***Mayfield v. State***, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.).

Appellant's own testimony established that he saw Edmonds' lights, heard the siren, and knew that Edmonds wanted him to stop his vehicle. However, he continued driving for more than two minutes, attempting to reach his preferred location, before stopping. *See **Avila v. State***, No. 07-19-00139-CR, 2020 WL 2786891, at *3 (Tex. App.—Amarillo May 27, 2020, no pet.) (mem. op., not designated for publication) (appellant expressed intent not to promptly comply when he testified that he intended to stop once he found an area he deemed suitable).  The video footage from Edmonds' patrol car shows that Appellant passed multiple available stopping locations, and instead of stopping, he made an illegal left turn, running a red light in the process. Even if Appellant did not ultimately intend to escape from Edmonds, intent to evade arrest or delay detention even for a short time is sufficient to support a conviction for evading arrest with a motor vehicle. ***Horne v. State***, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.); *see also **Bray v. State***, No. 06-10-00151-CR, 2011 WL 978236, at *2–3 (Tex. App.—Texarkana Mar. 22, 2011, pet. ref'd) (mem. op., not designated for publication).

In ***Bray***, a driver saw the emergency lights of a police car behind her but continued driving for approximately forty-seven seconds (traveling less than one mile), and failed to stop at one of several businesses with lighted parking lots on the right side of the road before stopping at an apartment complex. 2011 WL 978236, at *2–3. On appeal, the court held that the evidence was legally sufficient to support Bray's conviction for evading arrest. ***Id.***; *see also **Lopez v. State***, 415 S.W.3d 495, 497 (Tex. App.—San Antonio 2013, no pet.) (concluding appellant intended to flee when officers' lights and siren were activated for approximately one minute and thirty seconds, but appellant did not stop for 0.6 miles, until he reached his residence); ***Robinson v. State***, No. 13-10-00064-CR, 2011 WL 861152, at *1 (Tex. App.—Corpus Christi Mar. 10, 2011) (mem. op., not designated for publication) (concluding appellant intended to flee when officer's lights were activated approximately thirty-nine seconds, but appellant did not stop for one-quarter of a mile, until she reached her residence). Here, neither the fact that Appellant continued driving only for a short time, nor his testimony that he planned to stop when he reached a place of his choosing, are sufficient to prevent the jury, in its role as fact finder and

4

judge of the weight and credibility of the evidence, from reasonably finding that he was intentionally fleeing from Edmonds.

Based on the evidence, the jury reasonably could have determined that Appellant delayed compliance with law enforcement's efforts to stop him, and that he intentionally fled from a person that he knew was a peace officer lawfully trying to detain or arrest him. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational jury could have found each element of evading arrest or detention beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 38.04(a); ***Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; ***Brooks***, 323 S.W.3d at 912. Consequently, we overrule Appellant's only issue.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 10, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 10, 2023**

**NO. 12-22-00189-CR**

**MARVIN LEE GOINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0839-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*