PD-0741-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/17/2015 3:06:42 PM
Accepted 6/19/2015 11:17:08 AM
ABEL ACOSTA
CLERK

NO._____

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

AUSTIN, TEXAS

---

NO. 01-14-00434-CR

IN THE COURT OF APPEALS FOR THE

FIRST DISTRICT OF TEXAS

AT HOUSTON

---

TRIAL COURT NO. 1368857

IN THE 339TH DISTRICT COURT

OF HARRIS COUNTY, TEXAS

---

ALEX GONZALEZ,
*Appellant*

VS.

THE STATE OF TEXAS,
*Appellee*

---

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

---

FILED IN
COURT OF CRIMINAL APPEALS

June 19, 2015

ABEL ACOSTA, CLERK

Nicole DeBorde
Texas Bar No. 00787344
JPMorgan Chase Bank Building
712 Main Street, Suite 2400
Houston, Texas 77002
(713) 228-8500
(713) 228-0034 fax
Email: Nicole@BSDLawFirm.com

Attorney for Appellant
Alex Gonzalez

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. PROC. 68.4(c), appellant requests oral argument.

## TABLE OF CONTENTS

TABLE OF CONTENTS......................................................................................1

STATEMENT REGARDING ORAL ARGUMENT .................................................1

1INDEX OF AUTHORITIES.............................................................................2

IDENTITY OF PARTIES AND COUNSEL...........................................................3

STATEMENT OF THE CASE.............................................................................5

STATEMENT OF PROCEDURAL HISTORY.........................................................6

GROUND FOR REVIEW NUMBER ONE............................................................7

**Did the First Court of Appeals err by not construing the reach of the evading arrest statute in order to decide whether the evidence presented in this case actually establishes a violation of law?**

ARGUMENT ..................................................................................................7

PRAYER FOR RELIEF .....................................................................................9

CERTIFICATE OF COMPLIANCE......................................................................10

CERTIFICATE OF SERVICE .............................................................................11

APPENDIX .................................................................................................. A-1

# INDEX OF AUTHORITIES

**CASES**                                                                                    **PAGE**

*Cary v. State*, 05-13-01010-CR, -- S.W.3d --, 2015 WL 1346126, at *2 (Tex. App.—Dallas Mar. 25, 2015, pet. filed)....................................................................8

*Delay v. State*, 443 S.W.3d 909, 912 (Tex. Crim. App. 2014).............................7, 8

*Gonzalez v. State*, 01-14-00434-CR, 2015 WL 1825650, at *1 (Tex. App.—Houston [1st Dist.] Apr. 21, 2015, no. pet. h.).......................................................6, 7

*Shipp v. State*, 331 S.W.3d 433 (Tex. Crim. App. 2011)...........................................7

*Wright v. State*, 201 S.W.3d 765 (Tex. Crim. App. 2006)....................................7, 8

## STATUTES AND RULES

Tex. R. App. P. 66.3..................................................................................................7, 9

Tex. R. App. P. 68.4......................................................................................................3

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 68.4(a), a complete list of the names and all interested parties is provided below.

| | |
|---|---|
| Appellant: | Alex Gonzalez<br>Garza West Unit<br>TDCJ No. 01932074<br>4250 Highway 202<br>Beeville, TX 78102 |
| Presiding Judge: | Hon. Leslie Brock Yates<br>Visiting Judge<br>339th District Court<br>1201 Franklin, 14th Floor<br>Houston, TX  77002 |
| Trial Prosecutor: | Adetayo Adeyiga<br>John Lewis<br>Assistant District Attorneys<br>Harris County District Attorney's Office<br>1201 Franklin, 6th Floor<br>Houston, Texas 77002 |
| Defense Counsel: | Gary Polland<br>Attorney at Law<br>2211 Norfolk, Suite 920<br>Houston, Texas 77098 |
| State's Appellate Counsel: | Hon. Devon Anderson<br>Harris County District Attorney<br>1201 Franklin<br>Houston, Texas 77002 |
| Appellant's Counsel: | Nicole DeBorde<br>Bires, Schaffer & DeBorde<br>Attorney at Law |

3

JPMorgan Chase Bank Building
712 Main Street, Suite 2400
Houston, Texas 77002

TO THE COURT OF CRIMINAL APPEALS:

## STATEMENT OF THE CASE

On November 23, 2012, Deputy Laird, a Harris County patrol deputy, was dispatched to investigate an assault at the Christus St. Catherine Hospital in Katy, Texas. (3 R.R. 12). He was given suspect information and a vehicle description that matched Appellant and notified two other deputies in the area that he would be in route to the hospital. (3 R.R. 13). Deputy Luce made the scene and pulled behind Appellant's vehicle but did not immediately activate his vehicle's sirens. (3 R.R. 26). At that point Deputy Laird pulled his gun out and pointed it directly at Appellant's vehicle while standing in the emergency room exit area of the hospital parking lot. (3 R.R. 14). Appellant's vehicle continued through the parking lot, in what was characterized at trial as a low speed chase. After "a little over two minutes" Appellant's vehicle comes to a stop. (3 R.R. 28, State's Exhibit 1). A total of three Harris County Sheriff's deputies were dispatched to the location where the alleged crime was committed but only two testified at trial. The entire incident was caught on video, which was admitted into evidence as State's Exhibit 1.

5

**STATEMENT OF PROCEDURAL HISTORY**

Appellant was charged with evading arrest with a motor vehicle alleged to have occurred on or about November 23, 2012. (C.R. 6). On December 10, 2012, Appellant was indicted for the third degree offense of evading arrest with a motor vehicle. (C.R. 13). The State alleged in the indictment that Appellant had been twice before convicted of a felony offense for enhancement purposes. (C.R. 13). Appellant was brought to trial before a jury on May 21, 2014, and entered a plea of not guilty. (3 R.R. 4). The jury found Appellant guilty that same day. (3 R.R. at 51). The trial court found each enhancement paragraph true, as stipulated to by Appellant, and assessed punishment at the minimum of twenty-five (25) years confinement in the Texas Department of Criminal Justice – Correctional Institutions Division. (4 R.R. 5; 7).

The First Court of Appeals affirmed the trial court's judgment. *Gonzalez v. State*, 01-14-00434-CR, 2015 WL 1825650, at *1 (Tex. App.—Houston [1st Dist.] Apr. 21, 2015, no. pet. h.). No motion for rehearing was filed. Appellant now petitions this Honorable Court for discretionary review. Appellant presents one (1) ground for review before this Honorable Court.

APPELLANT'S FIRST GROUND FOR REVIEW

**Did the First Court of Appeals err by not construing the reach of the evading arrest statute in order to decide whether the evidence presented in this case actually establishes a violation of law?**

ARGUMENT

The First Court of Appeals erred by not construing the reach of the evading arrest statute in order to decide whether the evidence presented in this case actually establishes a violation of law such that review is warranted pursuant to Tex. R. App. P. 66.3(b). Appellant complained on appeal the evidence was legally insufficient to support his evading arrest conviction because, even when viewing the evidence in the light most favorable to the conviction, it failed to actually establish a violation of the law. *Gonzalez v. State*, 01-14-00434-CR, 2015 WL 1825650, at *1 (Tex. App.—Houston [1st Dist.] Apr. 21, 2015, no. pet. h.).

In *Delay v. State*, this Court explained, " . . . *sometimes* appellate review of legal sufficiency involves simply construing the reach of the applicable penal provision in order to decide whether the evidence, even when viewed in the light most favorable to conviction, actually establishes a violation of the law." *See Delay*, 443 S.W.3d 909, 912 (Tex. Crim. App. 2014)(citing *Shipp v. State*, 331 S.W.3d 433 (Tex. Crim. App. 2011) (plurality opinion); *Wright v. State*, 201 S.W.3d 765 (Tex. Crim. App. 2006)(emphasis added).

7

In *Wright v. State*, *supra*, this Court conducted an analysis to determine whether it should go beyond the plain language of the statute at issue to determine if the language, when applied to the facts of the case, produced an absurd result. *Wright*, 201 S.W.3d at 769 (conducting an analysis, "because the court of appeals failed to", to determine whether including unusable, toxic liquids in the weight of a controlled substance would lead to an absurd result). Appellant asserts it was error for the First Court of Appeals to not conduct a similar analysis. In *Cary v. State*, the Fifth Court of Appeals cited *Delay*, and explained "[b]ut *sometimes*, as in this case, 'appellate review of legal sufficiency involves simply construing the reach of the applicable penal provision in order to decide whether the evidence when viewed in the light most favorable to conviction, actually establishes a violation of the law.' " *Cary*, 05-13-01010-CR, -- S.W.3d --, 2015 WL 1346126, at *2 (Tex. App.—Dallas Mar. 25, 2015, pet. filed).

In this case, the crime Appellant was sentenced to 25 years in prison for was an alleged low-speed chase, which lasted less than two-and-a-half minutes, and covered a very short distance in a parking lot. Appellant asserts this is an absurd result and one of those "*sometimes*" cases that should involve construing the reach of the applicable penal provision in order to decide whether the evidence when viewed in the light most favorable to conviction, actually establishes a violation of the law. *See Wright*, 201 S.W.3d 769. However, there is no guidance as to what

8

exactly "sometimes" means in any applicable decision of this Court or any intermediate appellate court.

By not construing the reach of the evading arrest statute in order to decide whether the evidence presented in this case actually establishes a violation of law, the First Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by this Court. Accordingly, review is warranted pursuant to Tex. R. App. P. 66.3(b).

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Honorable Court grant this Petition for Discretionary Review. Following the grant of review, Appellant prays that the judgment of the Court of Appeals be reversed and rendered, or reversed and a new trial ordered, or the case remanded for further review.

Respectfully submitted,

*/s/ Nicole DeBorde*
Nicole DeBorde
BIRES SCHAFFER AND DEBORDE
Texar Bar No. 00787344
712 Main Street, Suite 2400
Houston, Texas 77002
(713) 228-8500 – Telephone
(713) 228-0034 – Facsimile
Email: Nicole@BSDLawFirm.com
Attorney for Appellant,
Alex Gonzalez

9

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9 of the Texas Rules Appellate Procedure, the undersigned counsel of record certifies that the Petition for Discretionary Review contains 1,580 words.

/s/ Nicole DeBorde
Nicole DeBorde

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of Appellant's petition for discretionary review has been either personally served upon or mailed by U.S. Postal Service certified mail, return receipt requested, on June 17, 2015, to the following persons:

Devon Anderson
District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

Respectfully submitted,


/s/ Nicole DeBorde
Nicole DeBorde

# APPENDIX



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-14-00434-CR

———————————

**ALEX GONZALEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1368857**

**MEMORANDUM OPINION**

A jury convicted appellant, Alex Gonzalez, of the third-degree felony offense of evading arrest.[1]  After appellant pleaded true to the allegations in two

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (Vernon Supp. 2014).

enhancement paragraphs, the trial court assessed punishment at twenty-five years' confinement. In his sole issue, appellant contends that the State failed to present sufficient evidence that he intentionally fled from a peace officer.

We affirm.

## Background

On November 23, 2012, Harris County Sheriff's Department Deputy J. Laird received a dispatch reporting an assault and requesting that he meet with the complainant at the Christus St. Catherine Hospital in Katy. After Deputy Laird spoke with the complainant, appellant became a suspect in the assault. Deputy Laird informed two other deputies working in the area that appellant would be returning to the hospital, and he gave the deputies a description of appellant and his vehicle.

Appellant returned to the hospital and began driving around the parking lot. Deputy Laird testified that he stood by the entrance to the emergency room and saw two other deputies in separate cars pull behind appellant in the parking lot. Laird saw emergency lights flashing on both patrol cars. Appellant drove by where Deputy Laird was standing; and Laird, who was in full uniform, drew his firearm, in case appellant became violent, and shouted at appellant to stop. Appellant then "accelerated and took off through the parking lot." Deputy Laird testified that the hospital's parking lot was not busy at the time and that "[t]here

2

were plenty of places to stop." After a brief chase lasting "less than five minutes," appellant eventually stopped in the parking lot, and the deputies arrested him.

Deputy B. Luce, one of the deputies involved in the chase, testified that Deputy Laird gave him a description of appellant and appellant's vehicle. Deputy Luce stated that his patrol car contains a video recorder that begins recording when he activates his car's emergency lights. The trial court admitted a DVD recording of Deputy Luce's encounter with appellant. Deputy Luce activated his flashing lights in an attempt to have appellant pull over so the officers could investigate the assault allegations against him. Deputy Luce did not immediately activate his siren because he wanted "to give [appellant] the benefit of the doubt," but he eventually did so when appellant failed to stop. Throughout the chase, which Deputy Luce testified lasted a little over two minutes, appellant drove through "a few stop signs and then the red light at the intersection." Deputy Luce opined that appellant's failure to stop immediately was not an accident because he "had plenty of places to stop" in the parking lot. Deputy Luce testified that appellant accelerated when Deputy Laird drew his weapon and shouted at him to stop. Appellant finally stopped his car when one of the three patrol units blocked the exit to the parking lot and there was nowhere else for appellant to go.

On the DVD recording of the chase, the flashing lights from Deputy Luce's patrol car are visibly reflected on appellant's rear license plate throughout the

3

incident. Deputy Luce turns on his siren approximately one minute into the chase, which then lasts for approximately one more minute. The DVD recording shows that appellant drove past Deputy Laird, who was in uniform and who had his weapon drawn and was shouting at appellant to stop, drove over speed bumps and through several stop signs within the parking lot, ran a red light to make a U-turn back into the parking lot, and finally stopped his car when one of the deputies blocked the exit to the parking lot. The recording corroborates Deputy Laird's and Deputy Luce's testimony that the hospital's parking lot was not crowded at the time of the incident and that there were numerous empty parking spaces in which appellant could have pulled over. The timestamp on the recording indicates that the chase occurred at approximately 4:30 in the afternoon, and the recording also reflects that it was still light outside and that, although it was cloudy, it was not raining and visibility was good.

The jury convicted appellant of the offense of evading arrest. After appellant pleaded true to the allegations in two enhancement paragraphs, the trial court assessed his punishment at twenty-five years' confinement. This appeal followed.

**Sufficiency of the Evidence**

In his sole issue, appellant contends that the State failed to present sufficient evidence that he intentionally fled from a peace officer.

4

## A. *Standard of Review*

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding that *Jackson* standard is only standard to use when determining sufficiency of evidence). The jurors are the exclusive judges of the facts and the weight to be given to the testimony. *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008). A jury, as the sole judge of credibility, may accept one version of the facts and reject another, and it may reject any part of a witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *see also Henderson v. State*, 29 S.W.3d 616, 623 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (stating jury can choose to disbelieve witness even when witness's testimony is uncontradicted).

We may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We afford almost complete deference to the jury's credibility determinations. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We resolve any inconsistences in the evidence in favor of the

5

verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *see also*

*Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) ("When the record

supports conflicting inferences, we presume that the factfinder resolved the

conflicts in favor of the prosecution and therefore defer to that determination.").

Circumstantial evidence is as probative as direct evidence in establishing guilt, and

circumstantial evidence alone can be sufficient to establish guilt. *Sorrells v. State*,

343 S.W.3d 152, 155 (Tex. Crim. App. 2011) (quoting *Clayton*, 235 S.W.3d at

778). "Each fact need not point directly and independently to the guilt of the

appellant, as long as the cumulative force of all the incriminating circumstances is

sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.

Crim. App. 2007).

### B. Evading Arrest

To establish that appellant committed the offense of evading arrest, as

charged in the indictment, the State had to prove that appellant intentionally fled

from Deputy Luce, whom appellant knew to be a peace officer, while Luce was

lawfully attempting to detain appellant and that appellant used a motor vehicle

while in flight. *See* TEX. PENAL CODE ANN. § 38.04(a) (Vernon Supp. 2014) ("A

person commits an offense if he intentionally flees from a person he knows is a

peace officer or federal special investigator attempting lawfully to arrest or detain

6

him."); *Mims v. State*, 434 S.W.3d 265, 269 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

"A person commits a crime under section 38.04 only if he knows that a police officer is attempting to arrest him but nevertheless refuses to yield to a police show of authority." *Thompson v. State*, 426 S.W.3d 206, 209 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *Hobyl v. State*, 152 S.W.3d 624, 627 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd) ("An element of the offense of evading arrest or detention is that the accused must *know* that the person from whom he flees is a peace officer attempting to arrest or detain him.") (emphasis in original). Evidence that a police officer is asserting authority and attempting to arrest or detain an individual includes use of emergency lights and sirens, pointing to a driver to pull the vehicle over, and issuing verbal commands. *Duvall v. State*, 367 S.W.3d 509, 513 (Tex. App.—Texarkana 2012, pet. ref'd). "'[F]leeing' is 'anything less than prompt compliance with an officer's direction to stop,' and 'fleeing slowly is still fleeing.'" *Lopez v. State*, 415 S.W.3d 495, 497 (Tex. App.—San Antonio 2013, no pet.) (quoting *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.), and *Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.)); *see also Baines v. State*, 418 S.W.3d 663, 670 (Tex. App.—Texarkana 2010, pet. ref'd) ("The relevant inquiry is whether there was an attempt to flee or delay the detention."). Courts may consider speed,

7

distance, and duration of pursuit in determining whether a defendant intentionally fled, but "no particular speed, distance, or duration is required to show the requisite intent if other evidence establishes such intent." *Griego v. State*, 345 S.W.3d 742, 751 (Tex. App.—Amarillo 2011, no pet.); *Mayfield*, 219 S.W.3d at 541 ("The statute does not require high-speed fleeing, or even effectual fleeing. It requires only an attempt to get away from a known officer of the law.").

Here, Deputy Laird testified that he stood in front of the emergency entrance to the hospital in full uniform, with his gun drawn, and yelled commands for appellant to stop his vehicle. Appellant, however, drove past him and accelerated away from him. The DVD recording from Deputy Luce's vehicle depicts a low-speed chase lasting over two minutes throughout the hospital parking lot. Deputy Luce drove behind appellant for the entire chase, and his emergency lights—on during the entire chase—were visibly reflected in appellant's rear license plate. Deputy Luce turned on his siren approximately one minute into the chase, and appellant continued driving for another minute before finally coming to a stop after another deputy blocked the exit to the parking lot. During the chase, appellant drove over speed bumps, ignored stop signs, and drove through a red light to U-turn back into the parking lot. The parking lot was not busy at the time of the chase, and appellant passed numerous empty parking spaces into which he could have turned and parked.

8

In arguing that the State failed to present sufficient evidence that he intentionally fled from the officers, appellant points out that "the speed [of the chase] was low, the distance was short, and the duration was less than two-and-a-half minutes" and that appellant voluntarily stopped his vehicle once he saw the third deputy block the exit to the parking lot, arguing that it was at that point in time that he first became aware that the officers were attempting to detain him. Although speed, distance, and duration are factors to consider, no particular speed, distance, or duration is required to establish intent to flee. *See Griego*, 345 S.W.3d at 751; *Mayfield*, 219 S.W.3d at 541 (stating that section 38.04 "does not require high-speed fleeing, or even effectual fleeing"; instead, it only requires "an attempt to get away from a known officer of the law").

Although the chase here occurred at relatively low speeds throughout a hospital parking lot and lasted for approximately two minutes, Deputy Luce followed appellant in his patrol car with his emergency lights flashing—and with his siren on for at least a minute—throughout the parking lot; and Deputy Laird, in full uniform and with his weapon drawn, yelled at appellant to stop his vehicle. Appellant disregarded these commands and proceeded to drive through the parking lot, past stop signs, and through a red light without stopping for over two minutes, even though the parking lot was not crowded and there were numerous empty parking spaces into which appellant could have pulled. Appellant did not stop

9

until a third officer blocked the exit to the parking lot with his patrol car.[2] *See Lopez*, 415 S.W.3d at 497 ("'[F]leeing' is 'anything less than prompt compliance with an officer's direction to stop,' and 'fleeing slowly is still fleeing.'"). The chase occurred in the afternoon, during daylight hours, and with good visibility conditions.

Viewing the evidence in the light most favorable to the verdict, as we must, we conclude that a reasonable jury could have found that appellant knew the officers were attempting to detain him and that he intentionally fled from the officers. We hold that the State presented sufficient evidence to support appellant's conviction for evading arrest.

We overrule appellant's sole issue.

---

[2] As further evidence that he did not intend to flee, appellant points to the fact that he "shows his hands, by sticking them out of the vehicle, immediately before turning and coming to a stop in the hospital parking lot, which shows that he was now aware that the police were attempting to detain him." Appellant's complicity with the officers' commands once he finally stopped does not, however, negate his conduct during the preceding two-minute chase, in which he ignored the officers' attempts to stop his vehicle.

10

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

11