**Affirmed and Opinion filed September 13, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00558-CR

_____

**BILLY JOE GARZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1291002**

## O P I N I O N

A jury convicted appellant Billy Joe Garza of aggravated robbery, found an enhancement "true," and assessed punishment at 85 years' confinement. In his sole issue on appeal, appellant contends the trial court should not have instructed the jury about the enhancement because the State did not provide timely, adequate notice of its intent to enhance his sentence. We affirm.

**BACKGROUND**

Appellant robbed a convenience store employee at gunpoint, and he was indicted in cause number 1291002 for this aggravated robbery. The indictment does not contain an enhancement paragraph.

On May 2, 2011, the trial court granted the State's "motion to transfer and adopt prior motions to new cause number," which asked the court to incorporate and apply to cause number 1291002 all motions and notices previously filed under cause numbers 1229073, 1229074, and 1228957.

During voir dire on May 9, 2011, the court informed the venire about the possible punishment ranges applicable in the case: an aggravated robbery generally caries a punishment of 5 to 99 years imprisonment,[1] but the range may be 15 to 99 years with one prior felony conviction[2] and 25 to 99 years with two prior felony convictions.[3] A jury found appellant guilty on May 10.

At the beginning of the punishment phase on May 11, appellant's counsel noted that the State intended to enhance appellant's minimum sentence to 15 years based on a single prior felony conviction. Counsel objected "to the State using any of the enhancements that they have," explaining that the indictment in this case does not include an enhancement paragraph and "there is no other sufficient notice that was given to the defense to enable him or his counsel to adequately prepare to defend him against the possible habitual offender status."

The State responded that appellant received notice on several occasions in prior trials. Appellant's trial counsel acknowledged that there was "an extraneous notice that was filed" in cause number 1228954, but not in any of the cause numbers identified in the State's motion to transfer and adopt prior notices in the three other cause numbers.

---

[1] *See* Tex. Penal Code Ann. §§ 12.32(a), 29.03(b) (Vernon 2011).

[2] *See* Tex. Penal Code Ann. § 12.42(c)(1) (Vernon Supp. 2012).

[3] *See* Tex. Penal Code Ann. § 12.42(d).

The trial court ruled that appellant had ample actual notice of the prior offenses and granted appellant a running objection. Counsel did not move for a continuance, but he explained, "I still don't know what they're going to try to use for enhancements. . . . I've been given notice of a number of them, but I don't know even at this point in time what it is they're going to rely on and try to use to enhance his sentence and to what degree." The State said it sought enhancement based on a burglary of a habitation, and the State identified the cause number, court, and date of the prior conviction.

Appellant pleaded "not true" in front of the jury. The State's fingerprint expert testified that appellant's thumbprint matched the thumbprint in the pen packet containing the judgment of appellant's conviction in the burglary case. When the State offered the exhibit into evidence, appellant's counsel said, "Without objection." Counsel did not cross-examine the State's witness.

The jury found the enhancement allegation true and assessed punishment at 85 years' imprisonment.

### ANALYSIS

In his sole issue, appellant argues the trial court "should have granted [his] objection to the inclusion of the language in the jury charge regarding [appellant] being subject to an enhanced penalty range." Appellant contends that although the indictments filed in the other cause numbers contain enhancement paragraphs, none of those cause numbers include a separate "notice of intent to use extraneous offenses for purposes of enhancement." He contends further that "the only actual specific notice given to [him] as to which possible enhancement might be used against him was only given seconds before his punishment hearing started."

When the State seeks to enhance a defendant's punishment with evidence of a prior conviction, "'[t]he accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial on the question of whether he is the named convict therein . . . . and if possible show there is a

3

mistake in identity, or that there was no final former conviction or the like.'" *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006) (quoting *Hollins v. State*, 571 S.W.2d 873, 875 (Tex. Crim. App. 1978)). "[P]rior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment — although it is permissible and perhaps preferable to do so." *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997).

This right to notice is rooted in due process. *Villescas*, 189 S.W.3d at 293. Under a due process analysis, the issue is "whether appellant received sufficient notice of the enhancements so that he had an opportunity to prepare a defense to them." *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010). We must "look to the record to identify whether appellant's defense was impaired by the timing of the State's notice." *Id.* "[T]he determination of whether proper notice of enhancements was given does not require that notice be given within a particular period of time before trial or before the guilt phase is completed." *Id.* As a general rule, due process is satisfied if the State gives notice at the beginning of the punishment phase and the "defendant has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one." *Villescas*, 189 S.W.3d at 294.

Appellant contends, and the State does not dispute, that a "notice of intention to use evidence of prior convictions and extraneous offenses" could be found only in the file for cause number 1228954. The caption of the notice identifies not only cause number 1228954, but also the three cause numbers identified in the State's transfer motion. Appellant's trial counsel informed the trial court of these facts, and the trial court found that "there has been ample actual notice." We conclude that the record supports this finding.

The State's notice of intention to use prior convictions and extraneous offenses, and several amended notices also in the record before this court, include the following paragraph: "Pursuant to Rules 404(b) and 609 of the Texas Rules of Criminal Evidence and section 37.07 of the Texas Rules of Criminal Procedure, the undersigned [ADA]

4

hereby gives notice to the Defendant . . . that the State intends to offer evidence of prior convictions . . . to impeach the testimony of *and/or enhance the range of punishment* for the Defendant . . . ." (emphasis added). The documents identify appellant's burglary conviction ultimately used for enhancement, listing the cause number, county of the convicting court, district court number, and conviction date. These documents provided appellant with adequate notice that his sentence could be enhanced by the burglary conviction. *See Thompson v. State*, Nos. 01-06-01084-CR, 01-06-01085-CR, 2008 WL 2756596, at *4 (Tex. App.—Houston [1st Dist.] July 17, 2008, pet. ref'd) (mem. op., not designated for publication) (Adequate notice was provided when the State filed a "notice of intention to use evidence of prior convictions and extraneous offenses" that identified the State's intention to use the prior convictions for "impeachment purposes and/or to 'enhance the range of punishment of the Defendant.'").

Further, appellant received additional notice of the enhancement at the beginning of the punishment hearing when the State read aloud the enhancement allegation. Appellant did not request a continuance in the trial court to investigate or prepare a possible defense, and although appellant pled "not true" to the enhancement allegation, he does not contend on appeal that he has any possible basis for challenging the State's evidence of the prior conviction.

Under these circumstances, we find no due process violation. *See Hughen v. State*, 265 S.W.3d 473, 481–82 (Tex. App.—Texarkana 2008) (despite claim of inadequate notice of enhancement, due process was satisfied when the defendant pleaded "not true" to the enhancement allegation but there was nothing in the record, and the defendant did not argue, that the evidence of the prior conviction was inadequate or that the offense used to enhance his sentence was defensible in any way) *aff'd*, 297 S.W.3d 330 (Tex. Crim. App. 2009); *Ketchum v. State*, 199 S.W.3d 581, 592–93 (Tex. App.—Corpus Christi 2006, pet. ref'd) ("Ketchum did not state that a continuance was necessary to discover or prepare a defense and, accordingly, he received the notice minimally required to satisfy due process;" noting that a trial court may "cure the notice problem by

granting a continuance"); *Thompson*, 2008 WL 2756596, at \*5 ("State's notice to enhance appellant's sentence with his prior convictions [given] at the beginning of the punishment hearing satisfied constitutional due process requirements and was therefore timely;" the defendant "neither offered a defense to the enhancements nor requested a continuance in order to prepare a defense"); *see also Mayfield v. State*, 219 S.W.3d 538, 540 (Tex. App.—Texarkana 2007, no pet.) (due process satisfied when notice given during voir dire; defendant did not seek a continuance and pled true to the enhancement); *Callison v. State*, 218 S.W.3d 822, 825–26 (Tex. App.—Beaumont 2007, no pet.) (due process satisfied when the record does not suggest the defense was impaired by the timeliness of the State's notice; defendant pled true to the enhancement and did not request additional time, object to the pen packet, or assert that he was unprepared).

Appellant suggests that "it is difficult to imagine that a few seconds of notice is of any practical usefulness to an accused and therefore cannot be considered reasonable." Appellant further notes that the jury was told during voir dire about a punishment range that was not even possible in this case, *i.e.*, a minimum sentence of 25 years. But nothing in the record or appellant's brief suggests that his defense was impaired by the State's allegedly late notice. We agree it is preferable for the State to include enhancement allegations in the indictment or to provide notice as early as possible. *See Brooks*, 957 S.W.2d at 34. Nonetheless, *Pelache* and *Villescas* are clear: notice is timely when given at the beginning of the sentencing hearing if an appellant does not suggest there is a successful defense and did not request a continuance. Because appellant has done neither, the trial court properly instructed the jury on the enhancement issue.

We overrule appellant's sole issue.

## CONCLUSION

The trial court's judgment is affirmed.

/s/   William J. Boyce
      Justice

6

Panel consists of Justices Boyce, Christopher, and Jamison.

Publish — Tex. R. App. P. 47.2(b).