

NUMBER 13-12-00776-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARCELLUS LEWIS BROWN,                             **Appellant,**

**v.**

THE STATE OF TEXAS,                                      **Appellee.**

## On appeal from the 24th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**

**Memorandum Opinion by Justice Garza**

A jury convicted appellant, Marcellus Lewis Brown, of engaging in organized criminal activity by committing deadly conduct, a second-degree felony offense, enhanced by a prior felony conviction to a first-degree offense. *See* TEX. PENAL CODE ANN. § 12.42(b) (West Supp. 2011); *id.* § 22.05(b)(1), (2), (e) (West 2011); *id.* §

71.02(a)(1), (b) (West Supp. 2011).[1] Appellant pleaded "true" to the enhancement for a prior felony conviction. The jury assessed punishment at sixty years' imprisonment and a $10,000.00 fine. By a single issue, appellant contends that he was provided inadequate notice of the State's intent to enhance his punishment with a prior conviction. We affirm.

## I. BACKGROUND

Evidence at trial showed that, in July 2011, appellant and several acquaintances were involved in a fight at a party in Victoria, Texas. Appellant and his group later returned to the scene armed with weapons and began firing. A neighbor, who was not involved in the earlier fight, was fatally shot outside his home. Appellant was indicted on August 5, 2011. The indictment did not contain an enhancement paragraph.

On September 17, 2012, the date voir dire began, the State filed a notice of intent to prove a prior felony conviction, which identified a prior felony conviction for possession of a controlled substance. The notice announced the State's intent to prove the prior felony conviction "pursuant to Section 12.42(c)(1) [of the] Texas Penal Code." *See id.* § 12.42(c)(1) (providing that the punishment range for a first-degree felony enhanced by a prior felony conviction is life imprisonment or any term between fifteen and ninety-nine years plus a $10,000 fine). During voir dire, the prosecutor explained to the venire that the punishment range for a first-degree felony (engaging in organized criminal activity by committing murder), enhanced by a prior felony conviction, is fifteen

---

[1] Appellant was indicted for the offenses of murder, engaging in organized criminal activity by committing murder, engaging in organized criminal activity by committing deadly conduct, and two counts of deadly conduct. The State abandoned counts 2, 4, and 5 (engaging in organized criminal activity by committing murder and the two counts of deadly conduct). The jury found appellant not guilty of murder but guilty of engaging in organized criminal activity by committing deadly conduct. *See* TEX. PENAL CODE ANN. § 71.02(a)(1), (b) (West Supp. 2011); *id.* § 22.05(b)(1), (2), (e) (West 2011).

to ninety-nine years or life. *See id.* He further explained that the punishment range for engaging in organized criminal activity by committing deadly conduct, a second-degree offense, enhanced by a prior felony conviction, is five to ninety-nine years or life. *See id.* § 12.42(b). Finally, he explained that the punishment range for deadly conduct, a third-degree offense, enhanced by a prior felony conviction, is two to twenty years and a $10,000 fine. *See id.* § 12.42(a). In other words, the prosecutor accurately explained how, if the State proved appellant had a prior felony conviction, the punishment range would be enhanced for each of the offenses alleged in the indictment.

At the close of voir dire, outside the presence of the jury, the prosecutor acknowledged that the State filed its notice of intent to prove a prior felony conviction that day, September 17. The prosecutor noted that appellant had elected to allow the jury to impose punishment, but that if appellant wished to change that election, the State was not opposed. Defense counsel argued that appellant had already been prejudiced because the prosecutor had already tainted the jury pool by suggesting that appellant had a prior criminal record. The following morning, outside the presence of the jury, the trial court ruled that, based on its review of *Villescas v. State*, the State's notice of intent to prove a prior felony conviction was adequate. *See* 189 S.W.3d 290, 294 (Tex. Crim. App. 2006). Defense counsel did not request a continuance or argue that he was unprepared to defend against the prior conviction allegation. On September 24, 2012, the jury found appellant guilty of engaging in organized criminal activity by committing deadly conduct.

The sentencing hearing began the following day, September 25, 2012. At the beginning of the hearing, outside the presence of the jury, defense counsel again

3

objected to the State being permitted to prove the prior felony conviction for enhancement purposes due to "lack of notice." Defense counsel did not object on grounds that the notice only referenced the State's intent to prove a prior felony conviction pursuant to section 12.42(c)(1) of the penal code (providing for enhancement of a first-degree felony) and did not reference section 12.42(b) (providing for enhancement of a second-degree felony). Again, defense counsel did not request a continuance and stated that he expected appellant to plead "true" to the prior felony conviction allegation. In the presence of the jury, the prosecutor read the allegation of the prior felony conviction, and appellant pleaded "true" to the allegation. Neither appellant nor his counsel suggested that there was any defense to the State's enhancement allegation or that more time was needed to investigate the allegation. The jury assessed punishment at sixty years' imprisonment and a $10,000 fine.

Appellant filed a motion for new trial, in which he alleged, in relevant part, that he was prejudiced by the State's failure to "timely provide notice" of its intent to seek enhancement. The only prejudice that appellant identified was that he was unable to voir dire the jury panel on the panel's views regarding prior convictions or enhancement. Appellant's motion was not presented to the trial court and was overruled by operation of law. *See* TEX. R. APP. P. 21.6, 21.8. This appeal followed.

## II. APPLICABLE LAW

When the State seeks to enhance a defendant's punishment with evidence of a prior conviction, the defendant's right to notice of the prior conviction is grounded in due process. *See Garza v. State*, 383 S.W.3d 673, 675–76 (Tex. App.—Houston [14th Dist. 2012, no pet.). Proper notice of intent to enhance punishment must be given in a timely

4

manner, but it need not be pled in the indictment itself to be considered proper notice, so long as it is pled "in some form." *Ketchum v. State,* 199 S.W.3d 581, 592 (Tex. App.—Corpus Christi 2006, pet. ref'd) (citing *Brooks v. State* 957 S.W.2d 30, 33 (Tex. Crim. App. 1997)). "In determining whether appellant received sufficient notice of the State's intent to enhance punishment, we look to the record to identify whether appellant's defense was impaired by the timing of the State's notice." *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010). When the accused has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies due process. *Villescas*, 189 S.W.3d at 294; *see Ex parte Parrott*, 396 S.W.3d 531, 537 (Tex. Crim. App. 2013).

### III. DISCUSSION

In determining whether appellant was provided sufficient notice of the State's intent to enhance punishment, we note that the record does not suggest that appellant's defense was in any way impaired by the timing of the State's enhancement notice. Like the defendant in *Villescas*, appellant had no defense to the enhancement allegation; he pleaded "true" to the prior conviction and did not object to the introduction of the judgment of the prior conviction. *See id.* at 295. He did not request a continuance or suggest that one was necessary to prepare a defense. *See id.*; *Pelache*, 324 S.W.3d at 577; *Ketchum*, 199 S.W.3d at 593. After considering these facts and circumstances, we conclude that appellant was given sufficient notice of the enhancement allegation. *See Villescas*, 189 S.W.3d at 295.

5

By a sub-issue, appellant argues that, because the State's notice referenced only section 12.42(c)(1) of the penal code, which applies to enhancement of a first-degree felony, it was inadequate to put him on notice that the State was also seeking to enhance his second-degree felony conviction. *See* TEX. PENAL CODE ANN. § 12.42(b), (c)(1). The State responds that: (1) appellant failed to preserve any error by failing to specifically object based on the content of the State's notice, rather than its timeliness; (2) appellant cannot show that he was prejudicially surprised because during voir dire, the prosecutor discussed how second and third-degree felonies could be enhanced by proof of a prior felony conviction; and (3) notice of enhancement of a first-degree felony is sufficient to provide notice of enhancement of all other felony offenses alleged in an indictment. *See Pelache*, 324 S.W.3d at 577 (holding that providing notice of intent to enhance an offense is sufficient to provide notice to enhance any lesser-included offenses of that offense).

We need not address the State's substantive arguments, however, because we agree that appellant failed to preserve any issue for review. At trial, appellant's counsel objected only to the timeliness of the State's notice, arguing that appellant was prejudiced by the prosecutor's explanation to the jury pool regarding the effect of a prior felony conviction. In his motion for new trial, appellant complained only of the State's "fail[ure] to timely provide notice" of its intent to seek enhancement. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a); *see Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009). "The specificity requirement is met if the complaint made at trial was clear enough to the trial judge so as to permit the

trial judge to take corrective action when the complaint was made." *Lovill*, 319 S.W.3d at 691. Moreover, "[a] complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial." *Id.* at 691–92. Here, appellant objected to the State's notice of intent on grounds that it was untimely, but did not object on grounds based on the notice's content. The issue has therefore not been preserved for our review. *See id.*

## IV. CONCLUSION

We overrule appellant's sole issue and affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of October, 2013.