**Affirmed as Modified; Opinion Filed May 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00454-CR

**IVAN ANGEL MARES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F-1263086-J**

## MEMORANDUM OPINION
Before Justices Fillmore, Myers, and Evans
Opinion by Justice Fillmore

A jury found appellant Ivan Angel Mares guilty of unlawful possession of a firearm by a felon. The trial court assessed punishment of five years' confinement. In a single issue, Mares contends the trial court erred in overruling his objection to the State's "untimely amendment of the indictment" to enhance Mares's punishment. We modify the trial court's judgment to reflect Mares's conviction for violation of section 46.04 of the penal code; as modified, we affirm the trial court's judgment.

## Background[1]

On December 4, 2012, Mares apparently shot himself in the leg accidentally with a .38 caliber pistol. Mares was charged with unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011).

On the first day of trial, the trial court considered Mares's objection that the State's notice of intent to enhance punishment was untimely:

> The Court: Mr. Mares, you're here today charged with unlawful possession of a firearm by a felon. That offense is normally a third-degree felony. The range of punishment would be two to ten years in the penitentiary and a fine of up to $10,000.
>
> It's my understanding that the State of Texas has filed a notice today indicating that they intend to – are seeking to enhance you; is that correct?
>
> Prosecutor: Yes, Judge. That's correct.
>
> The Court: So the range of punishment is two to 20 years in the penitentiary and a fine of up to $10,000.
>
> You understand that?
>
> Mares: Yes, your Honor.
>
> The Court: And, [defense counsel], you had an objection you wanted to put on the record regarding that?
>
> Defense Counsel: Yes, your Honor. My objection is this; that this is – this is legal surprise and this is – we object to the fact that the prosecutor is only filing it the day of trial, the enhancement. He could have done it at any time before.
>
> Obviously, this charge, is felon – is unlawful possession of a firearm by a felon. So it's obvious that there was – had to have been a felony in the past.
>
> [The State] even list[s] that on the indictment; however, they never filed the enhancement and we object as it being prejudicial to our client that at this last minute for an enhancement to be filed.

---

[1] Because Mares has not challenged the sufficiency of the evidence to support his conviction, we recite only those facts necessary to address his issue on appeal.

The Court: Now, [prosecutor], this enhancement paragraph is not the same paragraph as the –

Prosecutor: It's not, Judge. The indictment alleges an injury to a child conviction. The notice of intent to enhance alleges a prior [unlawful possession of a firearm by a] felon.

The Court: Okay. All right. Your objection is overruled.

So, Mr. Mares, you understand that the range of punishment on this offense is two to 20 years in the penitentiary if you're found guilty of it. You understand that?

Mares: Yes, ma'am.

After overruling Mares's objection to the notice of intent to enhance punishment, the trial court indicated it would then hear a motion to suppress Mares had filed. The State and defense counsel indicated they were ready to proceed, and Mares did not seek a continuance of the trial.

Mares testified in the guilt-innocence phase of trial. He acknowledged his May 4, 2009 conviction and imprisonment for unlawful possession of a firearm by a felon.

A jury found Mares guilty of the December 4, 2012 offense of unlawful possession of a firearm by a felon. At commencement of the punishment phase of trial before the court, Mares pleaded "true" to the May 4, 2009 conviction for unlawful possession of a firearm by a felon alleged in the State's notice of intent to enhance punishment. Without objection by Mares, a certified copy of Mares's May 4, 2009 judgment of conviction for unlawful possession of a firearm by a felon was admitted in evidence. Mares testified at the punishment phase of trial. He acknowledged he pleaded guilty to the May 4, 2009 offense of unlawful possession of a firearm by a felon and that he knew he was not supposed "to be around no guns."

The trial court found the alleged enhancement to be true. Punishment was enhanced under the provisions of section 12.42(a) of the penal code. *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2014) (except as provided by section 12.42(c)(1), if shown on trial of felony of third degree that defendant has previously been finally convicted of a felony other than

–3–

a state jail felony punishment under section 12.35(a), on conviction, defendant shall be punished for a second degree felony). The trial court assessed punishment of five years' confinement.[2]

**Notice of Enhancement**

Mares contends the trial court erred by overruling his objection and allowing the State to proceed on an untimely notice of enhancement of punishment. On appeal, Mares asserts he was harmed because the enhancement increased the potential maximum sentence for unlawful possession of a firearm by a felon from that for a third degree felony to that for a second degree felony. *See id*. § 12.42(a); *see also id*. § 12.33(a) (West 2011) (individual adjudged guilty of felony of second degree shall be punished by imprisonment for not more than twenty years or less than two years); § 12.34(a) (West 2011) (individual adjudged guilty of felony of third degree shall be punished by imprisonment for any term of not more than ten years or less than two years). He further argues on appeal that the untimely notice deprived him of an opportunity to investigate the new allegation, "try to mount a defense to it," or evaluate the merits of accepting a plea agreement.

The State is required to provide notice of its intent to use a defendant's prior convictions for enhancement purposes. *Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997) (reiterating prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment). However, due process "does not even require that the notice be given before the guilt phase begins, much less that it be given a number [of] days before trial." *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006) (citing *Oyler v. Boles*, 368 U.S. 448, 452 (1962)); *see also Ex Parte Parrott*, 396 S.W.3d 531, 537 (Tex. Crim. App. 2013) ("This Court no longer requires that notice [of intent to use a prior conviction for enhancement

---

[2] In addition to imprisonment, an individual adjudged guilty of a second or third degree felony may be punished by a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.33(b), 12.34(b). No fine was imposed by the trial court in this case.

purposes] be provided by allegations in a charging instrument, nor does it require that it be given prior to trial."). Under a due process analysis, the issue is "whether appellant received sufficient notice of the enhancements so that he had an opportunity to prepare a defense to them." *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010).

An appellate court "look[s] to the record to identify whether appellant's defense was impaired by the timing of the State's notice." *Id.* When a defendant has no defense to an enhancement allegation and makes no suggestion of the need for a continuance in order to prepare a defense, notice given even at the beginning of the punishment phase satisfies the due process requirements of the United States Constitution as well as the due course of law requirements of the Texas Constitution. *Villescas*, 189 S.W.3d at 294; *see also Mayfield v. State*, 219 S.W.3d 538, 540 (Tex. Crim. App. 2007).

The State should provide timely and adequate notice of an intent to enhance the punishment of a defendant. *See Brooks*, 957 S.W.2d at 33–34. Yet, in determining whether the State provided Mares with sufficient notice, we note the record does not suggest that Mares's defense was impaired by the notice he received of the State's intent to enhance punishment. Here, the State provided notice of its intent to enhance punishment on the first day of trial. Although Mares objected that the notice was "legal surprise" and was prejudicial, he did not request any additional time to prepare his defense after receiving notice of the State's intent to enhance his punishment, nor did he complain that he was unprepared to contest the enhancement allegation. *See Villescas*, 189 S.W.3d at 294; *Zambrano v. State*, 431 S.W.3d 162, 171 (Tex. App.—San Antonio 2014, no pet.) (State provided notice of intent to enhance punishment before the guilt-innocence phase of trial; although defendant protested the notice was a surprise and untimely, defendant did not state continuance was required for discovery or preparation of defense to enhancement); *see also Garza v. State*, 383 S.W.3d 673, 676–77 (Tex. App.—

Houston [14th Dist.] 2012, no pet.) (with regard to appellant's contention notice of intent to enhance punishment was untimely, appellant did not request continuance to investigate or prepare a possible defense, and although appellant pleaded "not true" to enhancement allegation, he "[did] not contend on appeal that he [had] any possible basis for challenging the State's evidence of the prior conviction"); *Hughen v. State*, 265 S.W.3d 473, 481–82 (Tex. App.—Texarkana 2008) (due process requirements satisfied even though defendant claimed enhancement allegation was untimely and he pleaded "not true" to the allegation, where defendant did not seek continuance of punishment proceeding and failed to argue evidence of prior conviction was inadequate or that offense used to enhance punishment was in any way defensible), *aff'd*, 297 S.W.3d 330 (Tex. Crim. App. 2009).[3] Mares acknowledged that the nature of the charge for which he was to be tried—unlawful possession of a firearm by a felon—entailed a felony conviction in the past. In the guilt-innocence phase of trial, Mares testified he had been previously convicted of and imprisoned for unlawful possession of a firearm by a felon, and he knew he was not supposed to be around guns. In the punishment phase of trial, Mares pleaded "true" to the enhancement paragraph, and a copy of the judgment for that conviction was admitted in evidence without objection.

We conclude on this record that the trial court did not err in overruling Mares's objection to the State's notice of intent to enhance punishment. Accordingly, we resolve Mares's sole issue against him.

---

[3] *See also Arredondo v. State*, Nos. 05-08-00477-CR, 05-08-00478-CR, 05-08-00479-CR, 2009 WL 901980, at *1 (Tex. App.—Dallas Apr. 3, 2009, no pet.) (not designated for publication) (State's notice of intent to enhance punishment filed three days before trial was constitutionally adequate notice where appellant asserted no defense to enhancement allegation, pleaded true to prior conviction alleged in enhancement paragraph, and did not move for a continuance or suggest a continuance was necessary to discover or prepare a defense); *Brown v. State*, No. 13-12-00776-CR, 2013 WL 7864081, at *2 (Tex. App.—Corpus Christi Oct. 24, 2013, no pet.) (mem. op., not designated for publication) (State's notice of intent to enhance punishment filed day voir dire began was sufficient notice where record did not suggest defense was impaired by timing of State's enhancement notice, and appellant pleaded "true" to prior conviction, did not object to introduction of judgment of prior conviction, and did not request continuance or suggest continuance was necessary to prepare a defense); *Cf. Ruth v. State*, No. 13-11-00385-CR, 2012 WL 3755607, at *5–6 (Tex. App.—Corpus Christi Aug. 29, 2012, pet. ref'd) (mem. op., not designated for publication) (amended enhancement notice provided to defendant and his counsel one day prior to beginning of punishment phase did not provide adequate notice in light of counsel's repeated requests for continuance in order to prepare defense to amended enhancement paragraphs).

**Reformation of Judgment**

We may modify a trial court's written judgment to correct a clerical error when we have the necessary information before us to do so. TEX. R. APP. P. 43.2(b); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). The trial court's judgment erroneously reflects that Mares was convicted for violation of section 46.06 of the penal code, "Unlawful Transfer of Certain Weapons." Mares's conviction was for violation of section 46.04 of the penal code, "Unlawful Possession of Firearm." Consequently, we reform the trial court's judgment in trial court cause number F-1263086-J to reflect Mares's conviction for violation of section 46.04 of the penal code.

**Conclusion**

We modify the judgment in trial court cause number F-1263086-J to reflect Mares's conviction for violation of section 46.04 of the penal code. As modified, the judgment is affirmed.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
140454F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IVAN ANGEL MARES, Appellant

No. 05-14-00454-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas, Trial Court Cause No. F-1263086-J. Opinion delivered by Justice Fillmore, Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the judgment titled "Statute for Offense" is modified to state "46.04."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of May, 2015.