**Affirmed and Memorandum Opinion filed October 15, 2015.**



In the

# Fourteenth Court of Appeals

### NO. 14-14-00682-CR

**TROY LEE BRIDGES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 344th Judicial District Court**
**Chambers County, Texas**
**Trial Court Cause No. 17438**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Troy Lee Bridges of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2) (West 2013). The State and appellant reached an agreement on punishment. The trial court sentenced appellant to 32 years' confinement pursuant to that agreement. Appellant challenges his sentence in three issues. First, he argues that the trial court erred in accepting the punishment agreement due to lack of notice. Next, he claims that he did not

voluntarily enter into the punishment agreement. Finally, appellant asserts that he received ineffective assistance of counsel with regard to the punishment agreement. We affirm.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Appellant was indicted for aggravated assault. The indictment alleged that, on or about August 12, 2013, appellant assaulted the complainant by placing a firearm to her head and threatening her. Following the jury's guilty verdict, appellant changed his election from jury punishment to trial court punishment. The State and appellant reached an agreement as to punishment. Pursuant to that agreement, the trial court found the appellant had twice before been convicted of felony offenses and then assessed punishment at confinement for 32 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely appealed.

## II.     ANALYSIS

Appellant raises three issues on appeal. Appellant complains that: (1) the trial court should not have accepted the punishment agreement due to lack of notice that appellant was being tried as a habitual offender; (2) appellant did not voluntarily enter into the punishment agreement with the state because he was erroneously advised regarding the range of punishment; and (3) appellant received ineffective assistance of counsel with regard to the punishment agreement.[1]

### A. Waiver

We first consider the State's argument that appellant has waived his right to

---

[1] After his counsel filed a brief on his behalf, appellant also filed a *pro se* instrument styled, "Nunc Pro Tunc-Supplemental Brief," raising additional issues. We do not address these issues because appellant has no right to hybrid representation. *See Marshall v. State,* 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006).

appeal his sentence.

The Court of Criminal Appeals has made it clear that a defendant may waive his right to appeal when he has agreed to a sentence following a jury trial. *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000). In *Blanco*, the prosecution and appellant agreed that appellant would not appeal his conviction in exchange for the prosecution's promise to recommend the trial court assess a particular sentence. *Id.* at 219. That is, there was evidence in the record that the defendant had agreed to waive his right to appeal.

In reviewing the record before us, we cannot say that appellant waived his right to appeal his sentence. The trial court's certification of defendant's right to appeal on its face certifies that the "case is jury trial (sic) and the defendant has the right to appeal." While perhaps not dispositive of the waiver issue, we note that the certification contains no limitation as to appellant's right to appeal.

Further, the record contains an instrument styled, "Defendant's Election as to Punishment." In this instrument, appellant waived his right to jury punishment and moved the trial court to sentence him instead. The election contains the following language: "This election as to punishment does not affect Defendant's right of appeal." This also does not indicate that appellant waived his right to appeal his sentence.

There are additional stipulations in the record—specifically, appellant's stipulations as to the evidence of his 1982 felony conviction for attempted robbery and his 1991 felony conviction for assault with a deadly weapon. None of these stipulations contains an express waiver of the right to appeal the sentence in this matter.

Finally, the record indicates the trial court specifically told appellant in open

3

court that his change in election to punishment by the court would not affect his right to appeal. Given the state of the record before us, we cannot conclude that a waiver occurred. Having rejected waiver, we next consider appellant's issues.

## B. Notice of intent to try appellant as habitual offender

Appellant claims a lack of notice that the State sought to enhance his punishment as a habitual offender. In particular, appellant argues that the State did not allege that any conviction was for an offense committed after the conviction for the previous offense had become final. *See* Act of June 17, 2011, 82nd Leg. R.S., ch. 1119, 2011 Tex. Gen. Laws 2881 (amended 2015) (current version at Tex. Penal Code § 12.42(d)).[2]

When the State seeks to enhance a defendant's punishment with evidence of a prior conviction, "[t]he accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial on the question of whether he is the named convict therein." *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006). "[P]rior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment." *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). In

---

[2] Section 12.42, Penalties for Repeat and Habitual Felony Offenders on Trial for First, Second, or Third Degree Felony, in effect as of appellant's alleged commission of the primary offense, provides:

> (d) Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Act of June 17, 2011, 82nd Leg. R.S., ch. 1119, 2011 Tex. Gen. Laws 2881 (amended 2015). Aggravated assault with a deadly weapon is ordinarily a second-degree felony. Tex. Penal Code § 22.02(b).

*Garza v. State,* we held that the State's notice of intention to use prior convictions and extraneous offenses, which notice identified the particular burglary enhancement ultimately used for enhancement by cause number, county of the convicting court, district court number, and conviction date, "provided appellant with adequate notice that his sentence could be enhanced by the burglary conviction." 383 S.W.3d 673, 676 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The appellant in *Garza* did not request a continuance to investigate or prepare a possible defense, and did not argue on appeal any possible basis for challenging the State's evidence of the prior conviction. *Id.* at 676–77. We concluded that there was no error. *Id.* at 677; *see Hedrick v. State,* —S.W.3d—, No. 14-14-00378-CR, 2015 WL 4774365, at *6 (Tex. App.—Houston [14th Dist.] Aug. 13, 2015, no. pet. h.) (applying *Garza*).

In the case before us, the State provided appellant with two separate documents providing notice—the first notice invoking rules 404 and 609 of the Texas Rules of Evidence, and articles 37.07 and 38.37 of the Texas Code of Criminal Procedure, and the second notice invoking section 12.42 of the Texas Penal Code[3]—of its intent to introduce evidence of appellant's other crimes, wrongs, and acts, which included the 1982 felony conviction for attempted robbery and the 1991 felony conviction for assault with a firearm. The notices identified both convictions by cause number, state, county of the convicting court, and conviction date. The first notice further identified both convictions by their year of commission and sentence date. Appellant signed a stipulation of evidence wherein he admitted to having the prior convictions for attempted robbery and assault with a firearm. Moreover, within this stipulation, appellant judicially confessed that he committed and was convicted of the second offense (the 1991 assault with a

_____

[3] The second notice was styled, "State's Notice of Intent to Enhance Range of Punishment."

5

firearm) prior to the commission of the primary offense and after final conviction of the first offense (the 1982 attempted robbery). Appellant pleaded true to the enhancement convictions in open court, including that the 1991 assault with a firearm occurred prior to the commission of the primary offense and after his final conviction in the 1982 attempted robbery. At no time did appellant object to the enhancement convictions or request additional time to challenge them. Nor does appellant argue on appeal any basis to challenge his stipulations to those enhancement convictions. Under these circumstances, we hold there was no trial court error. *See Hedrick*, —S.W.3d—, 2015 WL 4774365, at *6; *Garza*, 383 S.W.3d at 677.

We overrule appellant's first issue.

## C. Voluntariness of the punishment agreement

Appellant next claims that he did not knowingly or voluntarily enter into the punishment agreement as he was incorrectly advised as to the range of punishment. We disagree.

Appellant was convicted of the offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2). Ordinarily, this is a second-degree felony. *See id.* § 22.02(b). As discussed above, appellant had two prior felony convictions to qualify him as a habitual felony offender as contemplated under section 12.42(d). *See* Act of June 17, 2011, 82nd Leg. R.S., ch. 1119, 2011 Tex. Gen. Laws 2881 (amended 2015). This then made the applicable range of punishment not less than 25 years nor more than 99 years or life in the institutional division of the Texas Department of Criminal Justice Institutional Division. *See id.* Therefore, appellant was properly advised as to the range of punishment for the primary offense, in light of his prior felony convictions.

The record demonstrates the trial court went to great lengths to make sure that appellant understood the punishment proceedings in their entirety. The trial court admonished appellant about the range of punishment, the agreed sentence, and his stipulation of evidence. The trial court noted multiple times that the agreement needed to be made freely and voluntarily before the court would approve. The court also expressly asked appellant five times whether he was acting freely and voluntarily with regard to his sentence plea and the stipulations. Each time, appellant answered yes. At no time during the proceedings did appellant indicate that he did not freely, voluntarily, or knowingly enter into the punishment agreement.

We overrule appellant's second issue.

**D. Ineffective assistance of trial counsel in entering the punishment agreement**

Finally, appellant asserts that his trial counsel was ineffective with regard to entering into the punishment agreement. This argument is predicated on the theory that appellant was not subject to being punished as a habitual felony offender. However, as discussed above, appellant was properly subject to being punished as a habitual offender with a range of punishment of 25 to 99 years, or life. *See* Act of June 17, 2011, 82nd Leg. R.S., ch. 1119, 2011 Tex. Gen. Laws 2881 (amended 2015). Therefore, appellant has failed to show trial counsel rendered a deficient performance, much less one that prejudiced appellant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

We overrule appellant's third issue.

### III. CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/    Marc W. Brown
       Justice

Panel consists of Justices Boyce, Busby, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).

8