Court of Appeals #No. 14-14-00682-CR  1476-15
Trial Court Case No.# 17438

ORIGINAL

Troy Lee Bridges
T.D.C.J No# 01945334
John M. Wynne unit
810 FM 2821 West
Huntsville, Texas.
77349

VS.

The State of Texas.

Texas Court of
Criminal Appeals, Capitol Station
P.O. Box 12308
Austin, Texas.
78711

FILED IN
COURT OF CRIMINAL APPEALS

NOV 18 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 12 2015

Abel Acosta, Clerk

Plaintiff, Troy Lee Bridges files this Petition for discretionary review (P.D.R) with the Texas Court of Criminal Appeals.

Plaintiff Troy Lee Bridges by and through, files this motion and brief support, asking the court for a review of all the issues herein the records.

## I. Statement of the Case

Troy Lee Bridges was charged in No. 17438 with the second degree felony offense of aggravated assault with a deadly weapon, the indictment (CR-4 and 5) alleging that, on or about August 12th, 2013, in chambers county, Texas, he intentionally or knowingly threatened

1.

Leann Ball with imminent bodily injury by placing a firearm to her head, using or exhibiting a firearm during the commission of the assault. The State further alleged six prior felony convictions for purposes of enhancement. CR-54 and 55.

On August 11th, 2014, ~~Bridges plead not guilty (RR8-10 and 11-8)~~ Jury voir dire was conducted (see RR7), and on August 12th 2014, Bridges plead not guilty (RR8-10 and 11). Thereafter, the State presented three witnesses, and then rested (RR8-165). Bridges rested without presenting any witnesses, and without testifying on his own behalf. RR8-166. The Jury found Bridges guilty of aggravated assault with a deadly weapon as charged in the indictment (CR-73 and RR9-34-35).

Thereafter, an agreement was reached regarding punishment. RR9-36 and 37. Bridges plead true to allegation of two prior felony convictions as identified in his stipulation (RR9-55 and 56), and the court below sentenced him to confinement in the Texas Department of Criminal Justice-Institutional Division for a term of 32 years (CR-82 and 83, CR-85 and 86, and RR9-57 and 58).

2.

# Issues Presented

1. The court below erred in accepting the punishment agreement entered into by Bridges with the State, as neither the indictment (CR-4 and 5) nor the States notice of intent to enhance (CR-54 and 55) alleged that Bridges was an habitual offender.

2. The punishment agreement entered into by Bridges with the State was neither knowingly nor voluntary, as Bridges was erroneously advised as to the range of punishment ~~agreement with the State~~ to which he might have been subjected.

3. Bridges recieved ineffective assistance of counsel in entering into the punishment agreement with the State.

3.

To the Texas Court of Criminal Appeals for the State of Texas:

Appellant Troy Lee Bridges, convicted of Aggravated assault with a deadly in No. 17438 in the 344th District Court of chambers county, texas, appeals his Sentence of comfinement in the texas Department of criminal Justice -Institutional Division for a term of 32 years.

## STATEMENT OF FACTS

Troy Lee Bridges was charged in no. 17438 with the Second degree felony offense of aggravated assault with a deadly weapon, the indictment (CR-4 and 5) alleging that, on or about August 12th, 2013, in chambers county texas, he intentionally or knowingly threatened Leann Ball with imminent bodily injury by placing a firearm to her head, using or exhibiting a firearm during the commission of the assault. The State, by notice of intent to enhance (CR-54 and 55), further alleged six prior felony convictions for purposes of enhancement.

On August 11th, 2014, Jury voir dire was conducted (See RR7), and the Jury emPanelled (RR7-194). on August 12th, 2014, the Jurors were (sworn RR8-10) and Bridges plead not guilty (RR8-10&11). Thereafter, the State presented three witnesses, and then rested (RR8-165). Bridges rested without presenting any witnesses, and without testifying on his own behalf. $RR8-166. after argument on behalf of Bridges (RR9-11-16) and on behalf of

4.

the State (RR9-16-28), the jury found Bridges guilty of aggravated assault with a deadly weapon as charged in the indictment (CR-73 and RR9-34-35).

Thereafter, an agreement was reached regarding punishment. RR9-36&37. Bridges stipulated, in writing and in open court, that he had twice previously been convicted of a felony, the second felony having been committed after the first conviction had become final. CR-81 and RR9-52-54. He plead true to the allegation of two prior felony convictions as identified in his stipulation (RR9-55&56), and the court below sentenced him to confinement in the Texas Department of Criminal Justice – Institutional Division for a term of 32 years (CR-82&83, CR-85&86, and RR9-57&58).

## SUMMARY OF THE ARGUMENT

Bridges entered into a punishment agreement with the State. Prior to entering into that agreement, voir dire by the State suggested that Bridges was being tried as an habitual offender. Prior to entering into that agreement, Bridges was directly admonished by both the court below and by his defense counsel that he might have been subjected to a punishment range of 25 years to 99 years, or life, if he proceeded to a contested punishment hearing. Yet Bridges was not being tried as an habitual offender.

5

## ARGUMENT

1.  The court below erred in accepting the punishment agreement entered into by Bridges with the State, as neither the "indictment"(CR-4&5) nor the State's notice of intent to enhance (CR-54&55) alleged that Bridges was an habitual offender. Patterson, 740 S.W. 2d at 776,778

2.  The punishment agreement entered into by Bridges with the State was neither knowing nor voluntary, as Bridges was erroneously advised as to the range of punishment to which he might have been subjected.

3.  Bridges received ineffective assistance of counsel in entering into the punishment agreement with the State.

Bridges was charged with, and tried for, the offense of aggravated assault with a deadly weapon.  CR-4&5 and RR8-10.  Aggravated assault with a deadly weapon is a second degree felony.  Texas Penal Code § 22.02(a)(2) and (b).  The punishment range for a second degree felony is confinemant in the Texas Department of Criminal Justice for any term of not less than 2 years, and not more than 20, plus an optional fine not to exceed $10,000.  Texas Penal Code § 12.33.

However, by its notice of intent to enhance, the State alleged six prior felony convictions for purposes of enhancement.  CR-54&55.  The punishment range for a second degree felony enhanced by one prior felony conviction is that of a first degree felony, confinement in the Texas Department of Criminal Justice for any term of not less than 5 years, and not more than 99 years, or

6.

life, plus an optional fine not to exceed $10,000. Texas Penal Code § 12.42(b) and § 12.32.

With the apparent intent to punish Bridges as an habitual offender, the State alleged six prior felony convictions. CR-54&55. Texas Penal Code § 12.42(d) provides, in relevant part, as follows:

> ... if it is shown on the trial of a felony offense ... that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. ...

To punish a defendant as an habitual felony offender, the State is thus required to allege and prove both two or more prior felony convictions, and that one of those was for an offense committed after an earlier felony conviction had become final.

In order to invoke the provisions of § 12.42(d), it is necessary that each succeeding conviction be subsequent both in point of time of the commission of the offense and the conviction therefore. *Seals v. State*, 604 S.W.2d 899, 906 (Tex.App.-San Antonio 1982, no pet.). In order to invoke the provisions of the habitual felony statute, it is necessary to show that each succeeding conviction alleged for enhancement was subsequent both in point of time of the

7

commission of the offense and the conviction therefor. *McCarter v. State*, 527 S.W.2d 296, 298 (Tex.Crim.App. 1975).

Although the State's notice of intent to enhance alleged six prior felony convictions, it did not allege that any was for an offense committed after any of the remaining five had become final. Nevertheless, the assumption throughout Bridges' trial appears to have been that he was subject to punishment as an habitual offender were he to be convicted, and were the State to prove two or more of the prior convictions alleged. *See* RR7-118&119 – voir dire by the State, RR9-40 – admonishment of Bridges by the court below, and RR9-40 – admonishment of Bridges by defense counsel.

The stipulation of evidence (CR-81) signed by Bridges did list two prior felony convictions, the second for an offense committed after the first had become final. But that the second was for an offense committed after the first had become final was not alleged in either the indictment or in the State's notice of intent to enhance.

Bridges was erroneously advised as to the range of punishment to which he might have been subjected. During voir dire, the State asked the following:

> If there was a law or there was a way that this case could be enhanced and the punishment for the same offense was 25 to 99, could anybody – could everybody follow that range of

punishment, if that's the law?  Anybody on the first row got a problem with a minimum of 25 years and a maximum of life, or 99?

RR7-118&119.  There was no objection by defense counsel.  Prior to accepting the punishment agreement, the court below admonished Bridges as follows:

> And you realize that by doing this, that the full range of punishment comes open and it can vary?  Obviously, if you have enhancement paragraphs, it can be 25 to 99, or life, if you don't have some agreement.

RR9-40.  There was no objection by defense counsel, who himself admonished Bridges as follows:

> But for the agreement – what the Judge is saying, but for our agreement, the range of punishment was 25 to 99, or life.

RR9-40.  Finally, the written plea admonishments, signed by Bridges, defense counsel, the State, and the court below, identified Bridges as an habitual offender, subject to confinement for life, or for any term of not more than 99 years or less than 25.  CR-79&80.

Bridges can only have relied on what he had been told.  Immediately after being erroneously admonished by the court below and defense counsel, occurred the following:

The Defendant:  Okay.

Mr. Dennison:  Do you understand that?

The Defendant:  Yeah.

The Court: Okay.

Mr. Dennison: And that was the reason we reached this agreement.

The Defendant: Oh, okay. All right. Yes.

RR9-40.

In fact, Bridges could not have been punished as an habitual offender. Had he proceeded to a contested punishment phase of trial, he could have been punished as a second degree felony offender, as a first degree felony offender pursuant to Texas Penal Code § 12.42(b), or, arguably, as a first degree felony offender with a prior felony conviction, pursuant to Texas Penal Code § 12.42(c)(1), depending on the jury's findings regarding the allegations of six prior felony convictions.

If the trial court properly admonished the defendant before a guilty plea was entered, there is a prima facie showing the plea was both knowing and voluntary. *Houston v. State*, 201 S.W.3d 212, 217 (Tex.App.-Houston [14th Dist.] 2006, no pet.). There is no such showing with regard to the punishment agreement entered into by Bridges – the court below erroneously advised him as to the range of punishment to which he might have been subjected.

A defendant in a criminal case has a constitutional right to the reasonably effective assistance of counsel. *Lopez v. State*, 96 S.W.3d 406, 416 (Tex.App.-Austin 2002, pet. ref'd). This right does not mean errorless counsel,

*10*

or counsel whose competency is judged by hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex.Crim.App. 1983). But the performance of Bridges' defense counsel with respect to the punishment range to which Bridges might have been subjected fell below an objective standard of reasonableness. Defense counsel failed to object to voir dire by the State suggesting that the punishment range might be 25 years to 99 years, or life. RR7-118&119. Defense counsel failed to object when the court below admonished Bridges that the punishment range might be "25 to 99, or life". RR9-40. Defense counsel himself erroneously admonished Bridges that "the range of punishment was 25 to 99, or life." RR9-40. Defense counsel failed to object to the written plea admonishments identifying Bridges as an habitual offender, subject to confinement for life, or for any term of not more than 99 years or less than 25. CR-79&80.

If a guilty plea is entered upon the advice of counsel, that counsel must be competent and render effective assistance. To prove his claim of ineffective assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's defective performance, he would not have plead guilty, and would have insisted upon going to trial. *Pena v. State*, 132 S.W.3d 663, 668-669 (Tex.App.-Corpus Christi 2004, no pet.).

11

Bridges, of course, did not plead guilty, but the same standard applies to a punishment agreement. The performance of Bridges counsel did in fact fall below an objective standard of reasonableness. There is not only a reasonable probabilty that, had he known of the correct punishment range, Bridges would have rejected the agreement for 32 years confinement, but also that, had all involved been aware of the correct punishment range, Bridges would have been offered an agreement for a lower term of confinement.

## PRAYER

Appellant Troy Lee Bridges accordingly prays that the court reverse his sentence of confinement in the Texas Department of Criminal Justice — Institutional Division for a term of 32 years, and remand the case to the court below for a new punishment hearing.

Respectfully Submitted,
Troy LEE BRIDGES
Appellant.
Troy Lee Bridges No.#TDCJ 01945334
John M. Wynne Unit
810 FM 2821 West
Huntsville, Texas. 77349



In the

# Fourteenth Court of Appeals

## NO. 14-14-00682-CR

## TROY LEE BRIDGES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 344th Judicial District Court**
**Chambers County, Texas**
**Trial Court Cause No. 17438**

## MEMORANDUM OPINION

A jury convicted appellant Troy Lee Bridges of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2) (West 2013). The State and appellant reached an agreement on punishment. The trial court sentenced appellant to 32 years' confinement pursuant to that agreement. Appellant challenges his sentence in three issues. First, he argues that the trial court erred in accepting the punishment agreement due to lack of notice. Next, he claims that he did not

voluntarily enter into the punishment agreement. Finally, appellant asserts that he received ineffective assistance of counsel with regard to the punishment agreement. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was indicted for aggravated assault. The indictment alleged that, on or about August 12, 2013, appellant assaulted the complainant by placing a firearm to her head and threatening her. Following the jury's guilty verdict, appellant changed his election from jury punishment to trial court punishment. The State and appellant reached an agreement as to punishment. Pursuant to that agreement, the trial court found the appellant had twice before been convicted of felony offenses and then assessed punishment at confinement for 32 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely appealed.

## II. ANALYSIS

Appellant raises three issues on appeal. Appellant complains that: (1) the trial court should not have accepted the punishment agreement due to lack of notice that appellant was being tried as a habitual offender; (2) appellant did not voluntarily enter into the punishment agreement with the state because he was erroneously advised regarding the range of punishment; and (3) appellant received ineffective assistance of counsel with regard to the punishment agreement.[1]

### A. Waiver

We first consider the State's argument that appellant has waived his right to

---

[1] After his counsel filed a brief on his behalf, appellant also filed a *pro se* instrument styled, "Nunc Pro Tunc-Supplemental Brief," raising additional issues. We do not address these issues because appellant has no right to hybrid representation. *See Marshall v. State,* 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006).

appeal his sentence.

The Court of Criminal Appeals has made it clear that a defendant may waive his right to appeal when he has agreed to a sentence following a jury trial. *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000). In *Blanco*, the prosecution and appellant agreed that appellant would not appeal his conviction in exchange for the prosecution's promise to recommend the trial court assess a particular sentence. *Id.* at 219. That is, there was evidence in the record that the defendant had agreed to waive his right to appeal.

In reviewing the record before us, we cannot say that appellant waived his right to appeal his sentence. The trial court's certification of defendant's right to appeal on its face certifies that the "case is jury trial (sic) and the defendant has the right to appeal." While perhaps not dispositive of the waiver issue, we note that the certification contains no limitation as to appellant's right to appeal.

Further, the record contains an instrument styled, "Defendant's Election as to Punishment." In this instrument, appellant waived his right to jury punishment and moved the trial court to sentence him instead. The election contains the following language: "This election as to punishment does not affect Defendant's right of appeal." This also does not indicate that appellant waived his right to appeal his sentence.

There are additional stipulations in the record—specifically, appellant's stipulations as to the evidence of his 1982 felony conviction for attempted robbery and his 1991 felony conviction for assault with a deadly weapon. None of these stipulations contains an express waiver of the right to appeal the sentence in this matter.

Finally, the record indicates the trial court specifically told appellant in open

3

court that his change in election to punishment by the court would not affect his right to appeal. Given the state of the record before us, we cannot conclude that a waiver occurred. Having rejected waiver, we next consider appellant's issues.

## B. Notice of intent to try appellant as habitual offender

Appellant claims a lack of notice that the State sought to enhance his punishment as a habitual offender. In particular, appellant argues that the State did not allege that any conviction was for an offense committed after the conviction for the previous offense had become final. *See* Act of June 17, 2011, 82nd Leg. R.S., ch. 1119, 2011 Tex. Gen. Laws 2881 (amended 2015) (current version at Tex. Penal Code § 12.42(d)).[2]

When the State seeks to enhance a defendant's punishment with evidence of a prior conviction, "[t]he accused is entitled to a description of the judgment of former conviction that will enable him to find the record and make preparation for a trial on the question of whether he is the named convict therein." *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006). "[P]rior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment." *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997). In

---

[2] Section 12.42, Penalties for Repeat and Habitual Felony Offenders on Trial for First, Second, or Third Degree Felony, in effect as of appellant's alleged commission of the primary offense, provides:

> (d) Except as provided by Subsection (c)(2) or (c)(4), if it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Act of June 17, 2011, 82nd Leg. R.S., ch. 1119, 2011 Tex. Gen. Laws 2881 (amended 2015). Aggravated assault with a deadly weapon is ordinarily a second-degree felony. Tex. Penal Code § 22.02(b).

4

*Garza v. State*, we held that the State's notice of intention to use prior convictions and extraneous offenses, which notice identified the particular burglary enhancement ultimately used for enhancement by cause number, county of the convicting court, district court number, and conviction date, "provided appellant with adequate notice that his sentence could be enhanced by the burglary conviction." 383 S.W.3d 673, 676 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The appellant in *Garza* did not request a continuance to investigate or prepare a possible defense, and did not argue on appeal any possible basis for challenging the State's evidence of the prior conviction. *Id.* at 676–77. We concluded that there was no error. *Id.* at 677; *see Hedrick v. State*, —S.W.3d—, No. 14-14-00378-CR, 2015 WL 4774365, at *6 (Tex. App.—Houston [14th Dist.] Aug. 13, 2015, no. pet. h.) (applying *Garza*).

In the case before us, the State provided appellant with two separate documents providing notice—the first notice invoking rules 404 and 609 of the Texas Rules of Evidence, and articles 37.07 and 38.37 of the Texas Code of Criminal Procedure, and the second notice invoking section 12.42 of the Texas Penal Code[3]—of its intent to introduce evidence of appellant's other crimes, wrongs, and acts, which included the 1982 felony conviction for attempted robbery and the 1991 felony conviction for assault with a firearm. The notices identified both convictions by cause number, state, county of the convicting court, and conviction date. The first notice further identified both convictions by their year of commission and sentence date. Appellant signed a stipulation of evidence wherein he admitted to having the prior convictions for attempted robbery and assault with a firearm. Moreover, within this stipulation, appellant judicially confessed that he committed and was convicted of the second offense (the 1991 assault with a

_____

[3] The second notice was styled, "State's Notice of Intent to Enhance Range of Punishment."

5

firearm) prior to the commission of the primary offense and after final conviction of the first offense (the 1982 attempted robbery). Appellant pleaded true to the enhancement convictions in open court, including that the 1991 assault with a firearm occurred prior to the commission of the primary offense and after his final conviction in the 1982 attempted robbery. At no time did appellant object to the enhancement convictions or request additional time to challenge them. Nor does appellant argue on appeal any basis to challenge his stipulations to those enhancement convictions. Under these circumstances, we hold there was no trial court error. *See Hedrick*, —S.W.3d—, 2015 WL 4774365, at *6; *Garza*, 383 S.W.3d at 677.

We overrule appellant's first issue.

## C. Voluntariness of the punishment agreement

Appellant next claims that he did not knowingly or voluntarily enter into the punishment agreement as he was incorrectly advised as to the range of punishment. We disagree.

Appellant was convicted of the offense of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2). Ordinarily, this is a second-degree felony. *See id.* § 22.02(b). As discussed above, appellant had two prior felony convictions to qualify him as a habitual felony offender as contemplated under section 12.42(d). *See* Act of June 17, 2011, 82nd Leg. R.S., ch. 1119, 2011 Tex. Gen. Laws 2881 (amended 2015). This then made the applicable range of punishment not less than 25 years nor more than 99 years or life in the institutional division of the Texas Department of Criminal Justice Institutional Division. *See id.* Therefore, appellant was properly advised as to the range of punishment for the primary offense, in light of his prior felony convictions.

6

The record demonstrates the trial court went to great lengths to make sure that appellant understood the punishment proceedings in their entirety. The trial court admonished appellant about the range of punishment, the agreed sentence, and his stipulation of evidence. The trial court noted multiple times that the agreement needed to be made freely and voluntarily before the court would approve. The court also expressly asked appellant five times whether he was acting freely and voluntarily with regard to his sentence plea and the stipulations. Each time, appellant answered yes. At no time during the proceedings did appellant indicate that he did not freely, voluntarily, or knowingly enter into the punishment agreement.

We overrule appellant's second issue.

## D. Ineffective assistance of trial counsel in entering the punishment agreement

Finally, appellant asserts that his trial counsel was ineffective with regard to entering into the punishment agreement. This argument is predicated on the theory that appellant was not subject to being punished as a habitual felony offender. However, as discussed above, appellant was properly subject to being punished as a habitual offender with a range of punishment of 25 to 99 years, or life. *See* Act of June 17, 2011, 82nd Leg. R.S., ch. 1119, 2011 Tex. Gen. Laws 2881 (amended 2015). Therefore, appellant has failed to show trial counsel rendered a deficient performance, much less one that prejudiced appellant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

We overrule appellant's third issue.

7

### III. CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.

/s/    Marc W. Brown
       Justice

Panel consists of Justices Boyce, Busby, and Brown.
Do Not Publish — TEX. R. APP. P. 47.2(b).